WATERMAN CORPORATION et al., Plaintiffs, *v.* JAMES M. JOHNSTON et al., Defendants.

Supreme Court, Special Term, New York County, June 10, 1953, addendum, June 25, 1953.

*Harold F. Levin* and *Norman Moloshok,* general counsel for all plaintiffs.

*Samuel J. Levinson, Frank Weinstein* and *Nathaniel Phillips* for Weinberger Group, plaintiffs.

*James Lee Kauffman* and *William C. Blind* for Waterman Group, plaintiffs.

*Nathan Lewis* and *Morton Roth* for Irving J. Dube, plaintiff.

*Israel Beckhardt* and *Irving Steinman* for Nathaniel S. Greene, plaintiff.

*Sidney L. Garwin* and *Emanuel L. Green* for Jack Nacht, plaintiff.

*Samuel Weiss* for Jacob Davis, plaintiff.

*Abraham I. Markowitz* for Harry Lewis, plaintiff.

*Morris J. Levy* for Anne J. Mathes, objectant.

*Manuel Tancer* for Beatrice Schlossberg, plaintiff.

*Leo B. Mittelman,* as original attorney of record for Waterman Group and of counsel to general counsel.

*Harry Bijur* for Lucille Kalt, objectant.

*Gabriel Rubino,* stockholder in person.

*Joseph G. Abramson,* as referee.

*William D. Whitney* and *George S. Leonard* for Doeskin Products, Inc., defendant.

EDER, J. Applications for allowances and for reimbursements of expenditures.

In this stockholders' derivative suit the court heretofore approved an offer of compromise. Prior to such determination a referee was appointed to take proof and report with respect thereto. The referee evaluated the settlement and benefit to the Doeskin company at $1,060,000 and recommended approval of the settlement offer.

This benefit consisted of $190,000 paid in cash, the return to defendant Doeskin of 10,000 shares of its own stock evaluated at $180,000 and approximately $700,000 as the result of the settlement with the defendant Rhode Island Insurance Company.

This latter settlement provided for the return of certain securities to Doeskin and its subsidiary, the National Insurance Company of Denver, and the waiver of interest on such securities in exchange for certain cash payments in installments.

The court, after due deliberation, approved the report and recommendation. Upon appeal the order and judgment of approval were affirmed (*Waterman Corp.* v. *Johnston,* 106 N. Y. S. 2d 813, affd. 279 App. Div. 1073, motion for leave to appeal dismissed 304 N. Y. 879).

The instant proceeding is to fix the compensation of the various applicants for services as attorney, counsel, accountant and referee, and for reimbursement of expenditures. Some opposition appears.

Doeskin Products, Inc., is, of course, basically affected by the disposition to be made of the instant application. Its counsel has proferred the suggestion that the court reconsider the aforementioned monetary evaluation of $1,060,000 and reconsideration be weighed in the light of a change of conditions said to have occurred in the interval between the making of the order approving the settlement and the date of the instant proceeding, and which, it was stated, has resulted in reducing the extent of the benefit derived by the Doeskin company.

The suggestion cannot be entertained. Implicit in the decision affirming the order and judgment approving the offer of compromise, is the finding that such monetary evaluation of $1,060,000 was a correct determination, and it may not now be made over to a lesser sum because of subsequent intervening events or change of condition. In the opinion of the court, it is precluded from doing so.

The court, therefore, regards said sum of $1,060,000 as the correct monetary evaluation and appropriates the sum of $250,000 for allocation to the various applicants, as hereinafter indicated, and in the opinion of the court it is a fair and reasonable amount for distribution. It is less than the sum indicated in the suggestion of Doeskin counsel, which, in fact, would be over $300,000.

At the hearing inquiry by the court of Mr. Whitney, of Doeskin counsel, as to the sum he thought appropriate as a fund for allocation for attorneys' fees brought the response that he thought it should be 25% of the total cash of $190,000 and the book value of the company's 10,000 shares, $180,000, with the liquidating value of the Rhode Island Insurance Company, considered by him, at $400,000, a total of $770,000. This he later changed to say he thought it should be 40% instead of 25%, stating " we feel that the shareholders ought not to object if your Honor went up to say, 40% instead of 25%." On a basis of 40% of said sum of $770,000, this, as mentioned, would exceed $300,000. Moreover, such counsel expressed the view that the referee should be separately compensated for his services, apart from this fund.

The court is of opinion, however, that the referee's fee should come out of the same fund, and, as well, the fee of the accountant. This will accomplish a substantial benefit to the Doeskin company, viz., a saving of $40,000, which sum would otherwise be excluded from the allocable fund of $250,000.

With respect to the matter of allowances it was the original intention of the court to appoint a referee to take proof and report on each application. Because of the many applications presented, and the voluminous details, it is manifest that a long, extended and costly reference would result. This was recognized by Doeskin counsel who stressed the imperative need to end the litigation and that its continuance and expense could only result in injury to Doeskin, a condition and result to be avoided.

There is force in this and it is taken into consideration by the court. The court has therefore undertaken the added burden of passing upon the matter of allowances and to do so with due dispatch consistent with giving each application careful examination and consideration.

The court is not unmindful of the fact that by a general counsel being designated for all plaintiffs the attorneys representing other plaintiffs in separate and independent actions have been supplanted, their activities curtailed, and that they are deprived of independence of action previously possessed, subordinated to the general counsel, cannot act without his approval and can only assist him to the extent desired (*Beeber v. Empire Power Corp.*, 31 N. Y. S. 2d 920, 924–925).

It is a practical if not an inescapable disposition which is required to be made in order to prevent confusion, duplication of work and possible chaos.

Nonetheless, they are to be properly compensated.

After the order of consolidation and designation of general counsel was made, the secondary role in which the attorneys for the various plaintiffs were cast nevertheless involved a negative and positive aspect. In its negative aspect they were under a duty to the court, to the general counsel and to the stockholders, to avoid any action which might be obstructive to the efforts of general counsel or might constitute unnecessary duplication of effort. In its positive aspect they were under obligation to follow the proceedings diligently, to examine all papers served upon them, attend meetings of counsel, hearings and motions, make research of law when required or sought by general counsel, confer with them from time to time when requested or important to do so, and render suggestions when appropriate, and especially, to make certain that any compromise which might ultimately ensue would be an arms-length transaction, involving maximum of benefit and minimum of sacrifice to the stockholders.

The court will first take up those applications which are denied *in toto* and will furnish a brief reason in each instance for the decision. They are the applications of Bijur & Herts; Morris J. Levy; William C. Blind, appearing for himself, as counsel, and for James Lee Kauffman, as attorney for the Waterman group of plaintiffs; Bernard Fein.

Messrs. Bijur & Herts appeared for Lucille Kalt, an objecting stockholder. They attended before the referee, but not of record, at the hearings before him on the compromise offer and

opposed the approval thereof and thereafter unsuccessfully appealed from the order and judgment approving the report and recommendation of the referee advising acceptance of the settlement offer. The objections interposed on behalf of their client were devoid of merit and the opposition of counsel only served to delay the consummation of the settlement offer for some fifteen months. Nothing was contributed by them in the nature of any helpful or meritorious service or operating toward the ultimate outcome and is not compensable; and, for like reason, reimbursement of outlay is denied.

Mr. Levy appeared as attorney for Anne J. Mathes, an objecting stockholder. He first appeared on the motion to confirm the referee's report and recommendation to approve the settlement offer, which he opposed. He also participated on the appeal taken by Messrs. Bijur & Herts on behalf of their client, the objecting stockholder, Lucille Kalt; and what has been said, (supra), with respect to their application for an allowance, is apposite here.

As to the application of Mr. Blind, it is to be observed that he applies on behalf of himself, as counsel, and also on behalf of James Lee Kauffman, attorney for the Waterman group of plaintiffs. Mr. Kauffman, personally, does not present an application.

Mr. Kauffman was substituted for the Waterman group in place and stead of Leo B. Mittelman, referred to, post, and he employed Mr. Blind as counsel. The general counsel continued to act as such and did not engage his services. For his compensation as counsel he must look to those who employed him. Furthermore, there was no participation by Messrs. Blind and Kauffman other than as an observer at several court hearings and before the referee on the offer of compromise and some inquiries of general counsel relating to the progress of the action.

These applicants in no manner contributed beneficially to the ultimate outcome of this action. Rather, the record evinces their appearance was only for the protection of the interest of Waterman, their client, as a defendant in an independent suit, predicated on the claim that he, by the sale of his stock, reaped an individual advantage and that this was a breach of his fiduciary obligation as a minority stockholder which he owed to the others in instituting a derivative action on behalf of the corporation, and that he could not profit, personally, as a result of the instant litigation.

Mr. Fein appeared for his wife, Rosa B. Fein, not a party to this action. He first appeared on her behalf and spoke in favor of the settlement offer on the motion confirming the referee's report. He thereafter filed a notice of appeal from the judgment approving the settlement, which appeal was later dismissed for lack of prosecution. He rendered no beneficial or compensable aid and appears to have been a volunteer. His claim that he was retained by general counsel to negotiate the settlement is disputed by them and their denial is accredited.

Adverting now to those applications, seventeen in number, in which awards will be made.

It is unnecessary to discuss the details of the application of the referee; counsel for the Doeskin company and the court are in accord on the sum to be fixed as his compensation.

As to the remaining sixteen applications, these comprise hundreds of pages and include thousands of items and details. It will attain no gainful end to discuss them in detail and only serve to extend this opinion to undue length. Suffice it to say that the court has examined and given careful consideration to each of the applications.

Doeskin has interposed a general objection to the amounts sought by the applicants as compensation and has also submitted an additional ground of objection with relation to services rendered by attorneys in other jurisdictions advancing the premise that said attorneys may not be made the recipients of any award of compensation, that this court is without power to make an award in such a case, citing *Hitchcock* v. *American Pipe & Constr. Co.* (90 N. J. Eq. 576) in support of this contention. The case is deemed inapplicable in point of fact and law.

The fund here to be allocated for the services rendered by counsel in other jurisdictions in relation to or in connection with this action is under the control of this court and it is its view that compensation should be awarded and paid to those who in the opinion of the court merit it irrespective of the fact that the services were rendered by the applicants in another jurisdiction or before a court in another jurisdiction.

This objection is directed at the applications of Mr. Barab, of Delaware; Mr. Frost, of Washington, D. C.; and Mr. Monsky, of Kentucky.

The apt criterion to be applied in such a situation is the amount and merit of the services rendered regardless of the jurisdiction in which they were performed.

The objection is viewed as untenable and the applications are entertained.

As to the application of Mr. Mittelman, the original attorney for the Waterman group of plaintiffs, it is opposed by Messrs. Weinstein and Levinson and Nathaniel Phillips, on the ground that he was supplanted by Mr. Kauffman as such attorney prior to the settlement and hence must look to his former client for compensation for his services and cannot claim a lien and has none on the resulting fund.

The court does not regard it as requisite that this question of attorney's lien be determined on this application. It is enough that he was the original attorney of record in the original action and he is entitled to be compensated for such services as he rendered up to the time he was superseded.

It appears that Mr. Mittelman was retained as attorney of record for the Waterman Corporation by Messrs. Delson, Levin & Gordon and he commenced the derivative stockholders' action on or about July 2, 1947, and was discharged as plaintiffs' attorney of record and was substituted by Mr. Kauffman on August 30, 1948, thus acting as such attorney for a period of slightly over one year. For any services he may have rendered to Messrs. Delson, Levin & Gordon subsequent to his discharge he must look to them alone for compensation.

The exercise by a client of the arbitrary right of attorney displacement which the client possesses does not thereby operate to deprive the attorney of compensation for services rendered. It merely acts to accomplish and effect a substitution of attorneys.

The objection is viewed as untenable.

With respect to the applications of Messrs. Delson, Levin & Gordon, general counsel for all plaintiffs, and Messrs. Weinstein & Levinson and Nathaniel Phillips, attorneys for the Weinberger plaintiffs, it is regrettable that the latter have seen fit to indulge in an attack upon Mr. Levin. They have belittled and depreciated his services and lauded their own.

The services rendered by Mr. Levin are well known to all the counsel in the case, and to the court, as is also the fact that he has been highly commended for integrity, assiduity, erudition and skill, and the attempt to disparage and depreciate his services must, therefore, prove futile.

It is manifest that no matter what allowance is granted to general counsel, it will be woefully inadequate compensation for the stupendous and monumental services and work performed.

The joint application of Messrs. Weinstein & Levinson and Nathaniel Phillips is vigorously opposed by the general counsel for the plaintiffs. It is not needful nor helpful to indulge in a detailed discussion thereof. The respective parties have fully set forth their positions.

In *Beeber* v. *Empire Power Corp.* (*supra*) the court enunciated the procedure to be followed by other attorneys where a general counsel has been appointed by the court. It was not adhered to here by said applicants and is an element to which attention has been invited by the general counsel.

Compensation will not be awarded for needless and duplicative work. It might be added that it would have been appropriate and proper for said applicants to have first consulted with general counsel and obtained their consent before drawing and submitting applicants' brief to the Appellate Division.

After due consideration and reflection, the following allowances are granted, all inclusive of disbursements:

| | |
|---|---:|
| Delson, Levin & Gordon | $123,824.76 |
| Weinstein & Levinson and Nathaniel Phillips | 20,500 |
| Joseph Abramson | 25,000 |
| David Schnitzer | 15,000 |
| Robert C. Barab | 2,000 |
| Israel Beckhardt | 5,000 |
| Norman B. Frost | 3,500 |
| Mencher & Garwin | 7,500 |
| Alfred Gross | 10,000 |
| Nathan Lewis and Milton Roth | 7,500 |
| Abraham I. Markowitz | 2,000 |
| Leo B. Mittelman | 10,000 |
| Herbert H. Monsky | 2,500 |
| Gabriel Rubino | 5,000 |
| Edward McMahon Singer | 5,000 |
| Manuel Tancer | 2,000 |
| Samuel Weiss | 3,500 |

The applications are disposed of as indicated. Settle order.

(Addendum, dated June 25, 1953.)

In the opinion the court alluded to the fact that the enunciated procedure in *Beeber* v. *Empire Power Corp.* (31 N. Y. S. 2d, 914, 920) was not adhered to by Messrs. Weinstein & Levinson and Nathaniel Phillips, attorneys for the Weinberger group of plaintiffs. This reference related to their procedure in acting independently of the general counsel appointed by the court. They explain their action was permissible under an arrangement made with the general counsel which I find to be the fact. In the situation disclosed, this notation is to constitute an addendum to the opinion.