CENTRAL STIKSTOF VERKOOPKAN-TER, N.V., Appellant,

v.

PENSACOLA PORT AUTHORITY, Appellee.

No. 20072.

United States Court of Appeals
Fifth Circuit.

April 19, 1963.

William Fisher, Jr., of Fisher & Hepner, Pensacola, Fla., Wilbur H. Hecht, Mendes & Mount, New York City, for appellant.

E. Dixie Beggs, of Beggs, Lane, Daniel, Middlebrooks & Gaines, Pensacola, Fla., for appellee.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

PER CURIAM.

Agreeing with the opinion of the District Court in this case, D.C., 205 F. Supp. 724, we affirm with the following additional comments.

Appellant amended after the reported first dismissal to allege the maintenance of captive fires on and adjacent to the Port Authority docks in the form of steam operated ships, cranes, derricks and drag-lines on which steam boilers were fired by oil or coal, and that one such ship was secured to its docks at the time the fire in suit was discovered. There was no allegation whatever of any causal connection between such al-

leged captive fire or fires and the origin of the fire in suit.

The District Court then held that the complaint as amended failed to state a cause of action. Appellant declined to amend further, and the motion of the Port Authority to dismiss with prejudice was granted.

██ Appellant urges that the doctrine of *res ipsa loquitur* saves it from dismissal. This is on the premise that the Port Authority owned and controlled the dock where the fire originated. This assertion is untenable in view of the allegation that the loss in question was occasioned by a fire of unknown origin. See McKinney Supply Co. v. Orovitz, Fla., 1957, 96 So.2d 209; and Prosser on Torts, 2d Ed., p. 203. Appellant is foreclosed by the absence of allegations in the complaint creating a duty toward it on the part of the Port Authority, and absent duty; there can be no actionable negligence.

Affirmed.