CHRISTOPHER TURNEY, APPELLANT, v. EMMETT SULLIVAN AND MARGARET SULLIVAN, RESPOND-ENTS.

No. 7182

December 14, 1973                    516 P.2d 738

*John Marshall,* of Las Vegas, for Appellant.

*Cromer & Barker,* and *Kent W. Michaelson,* of Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

On November 12, 1970, respondents Emmett and Margaret Sullivan experienced mechanical difficulties with their 1969 Mercury Cougar automobile, and upon their arrival in Goldfield, Nevada they sought repairs at "Slim's Place."

The regular mechanic on duty informed the Sullivans that he would attempt repairs and sometime later the appellant went to assist. The regular mechanic was in the rear of the building and only the appellant was in the immediate vicinity of the vehicle. While standing directly in front of the automobile he started the engine by short circuiting the electric current to the starting mechanism. The car being in gear, lurched forward breaking his leg, by pinning him between the car and a tire changing stand.

Appellant filed suit alleging that respondents were negligent in failing to warn him that the repairs he was attempting were "a peril to his safety." Respondents moved for summary judgment, which was granted by the trial court, and this appeal followed.

We believe that the district court on the record before it properly determined that there was no genuine issue as to whether respondents had breached a duty owed to appellant. Without a duty owed there can be no actionable negligence.

The motion for summary judgment was properly granted. NRCP 56(c); Central Stikstof Verkoopkanter, N.V. v. Pensacola Port Authority, 316 F.2d 189 (Fla.App. 1963); Cf. Rainer v. Grossman, 107 Cal.Rptr. 469 (Cal.App. 1973).

Affirmed.