CORA STAHLI, Individually and as Administratrix of the Estate OF FRANCIS A. STAHLI, SR., DECEASED, Respondent, v LEO McGLYNN et al., Appellants.

Second Department, April 7, 1975

*Vandervoort, Cline & MacVean (V. Frank Cline* of counsel), for appellants.

*Dempsey Spring Moloney & Florence (William J. Florence, Jr.,* of counsel), for respondent.

LATHAM, J. Defendant McGlynn was operating a 54-foot long tractor-trailer of his employer, the codefendant herein, on the afternoon of February 7, 1967. He was proceeding easterly and uphill on Main Street, Poughkeepsie. There was a six-inch accumulation of snow and ice on the ground. To keep the tractor in motion he found it necessary to spin the wheels constantly and to keep them "digging in the snow" to get traction to move forward. He gradually worked his way up to the intersection of North Bridge Street, where he intended to make a left turn, since that street was more level. As he reached the intersection the tractor-trailer slid back about five feet, although the tractor wheels continued turning. The backward slide caused the rear right side of the trailer to strike the plaintiff's intestate's automobile, which was parked on Main Street, facing east, breaking its windshield. During the slow course of McGlynn's turn he was told of the contact. He completed his turn and parked on North Bridge Street, with his front end about 60 feet from Main Street. He then left his tractor and proceeded to the car, found no one there, noted the license plate number and, at the close of the day, reported the accident to his employer.

The plaintiff's intestate was in a nearby restaurant. He was 63 years old and had an extremely serious heart condition. He was told that a truck had struck his car and failed to stop. He ran into the street twice and, on his second return, collapsed due to a coronary attack, which was the apparent cause of his death four days later.

McGlynn testified that before alighting from the truck he handed a sheet of paper, on which he had written his and his employer's names, addresses and telephone numbers, to the decedent's son, who had just walked over to him. In the sole factual dispute in the record, the son, in effect, denied this testimony, but admitted that after the accident he observed the rear of the trailer parked on North Bridge Street at the place indicated by McGlynn.

Upon these essential facts and the court's charge, *inter alia,*

that "in the reasonable protection of his property interests * * * [the decedent] could go after the operator of the truck and again, reasonably, take such physical activity as was warranted under the circumstances to obtain the information as to the ownership of the vehicle and the identity of the other driver", a jury verdict was rendered for the plaintiffs in the total sum of $45,000, which was reduced, upon consent, to $44,000 (by reduction of the verdict for loss of consortium from $2,000 to $1,000).

We hold that the charge was improper and, further, that the complaint should have been dismissed for failure to establish a cause of action.

There is no cause of action for emotional distress and ensuing injury caused by observation or awareness of unintended damage to one's property (Van Patten v Buyce, 37 AD2d 448, mot for lv to app den 30 NY2d 481). This a fortiori follows from the rule that there can be no recovery for emotional distress suffered on witnessing or learning of a serious injury to one's close relative in an accident (Tobin v Grossman, 24 NY2d 609; cf. Restatement, Torts, 2d, § 313, subd. [2]). As stated in the Syracuse Law Review (vol 24, p 589), "it is inconceivable that a court would deny emotional trauma from witnessing negligent harm to loved ones and grant it for like trauma from negligent harm to loved inanimate possessions."

The fact that the owner of a damaged vehicle may believe that the operator of the other vehicle has left the scene of the accident does not create an exception to the rule. The gravamen is the emotional distress following awareness of damage to one's property (and for this, as stated, there is no recovery) and not the unpredictable ensuing thoughts or behavior of its owner.

We further note that the evidence, far from showing that McGlynn left the scene of the accident in violation of section 600 of the Vehicle and Traffic Law, clearly shows that he properly returned to the scene and duly reported the relevant data.

The judgment should therefore be reversed, on the law, with costs, and the complaint dismissed.

GULOTTA, P. J., HOPKINS and MARTUSCELLO, JJ., concur.

Judgment of the Supreme Court, Orange County, entered June 21, 1973, in favor of plaintiff, on a jury verdict, as

reduced upon consent, reversed, on the law, with costs, and complaint dismissed.