ARMOND MERLUZZI, Appellant, v. PAMELA LARSON, Administratrix of the Estate of David Manley, Respondent.

No. 10429

April 30, 1980                                    610 P.2d 739

*Cochrane, Lehman, Nelson & Rose,* Las Vegas, for Appellant.

*Rose, Edwards, Hunt & Pearson, Ltd.,* Las Vegas, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

Plaintiff-appellant's complaint sought damages for personal injury allegedly caused by respondent's (decedent David Manley's) negligent conduct in damaging appellant's automobile. Respondent, pursuant to NRCP 12(b), moved to dismiss appellant's complaint on the ground that it failed to state a claim for relief. The district court granted the motion with prejudice.

The sole issue presented to us is whether a complaint states a claim for relief when it avers that the claimant has sustained physical injury as a proximate result of his response to the unintentional damage to his personal property which he did not observe. In the context of this case, we hold that such complaint fails to meet a Rule 12(b) challenge and affirm.

On a motion to dismiss for failure to state a claim for relief, the trial court, and this court must construe the pleading liberally and draw every fair intendment in favor of the plaintiff. San Diego Prestressed Concrete Co. v. Chicago Title Ins.

Corp., 92 Nev. 569, 573, 555 P.2d 484, 487 (1976). The complaint alleged that on March 29, 1976, at approximately 3:30 p.m., plaintiff-appellant had parked his car in a parking lot in front of a cleaners in Las Vegas. Appellant was informed by an apparent witness that, while appellant was inside the cleaning establishment, a second vehicle driven by Manley, had struck appellant's parked car and that the second vehicle was then leaving the scene. Appellant witnessed the vehicle leaving the parking lot and gave chase on foot. Appellant alleged that respondent's decedent, Manley (who the record shows was then approximately seventy-five years of age), "carelessly and negligently operated and controlled [his] vehicle" and in so doing struck appellant's vehicle. Appellant also alleged that Manley violated vehicular accident reporting statutes requiring drivers involved in an accident to stop at the scene and provide complete information.

Appellant further alleged that, as a direct and proximate result of Manley's negligence and appellant's consequent physical exertion in chasing the vehicle, appellant suffered injury to his heart. Appellant eventually required hospitalization in August of 1976 with an acute miocardial infarction and for injury to his neck, back and legs. Respondent moved for, and was granted, an order dismissing plaintiff-appellant's complaint. This appeal followed.

    *1.   Was Duty Owed?*

[Headnote 3]

The trial court ruled as a matter of law that respondent owed no duty to appellant. In Turney v. Sullivan, 89 Nev. 554, 516 P.2d 738 (1973), we held that one of the preconditions to liability founded upon negligence, is the existence of a duty owed by the alleged tortfeasor to the injured person. *Id.* at 555, 516 P.2d at 738. A duty is defined as an obligation, to which the law will give recognition and effect, to comport to a particular standard of conduct toward another. In negligence cases, the duty is invariably the same—one must "conform to the legal standard of reasonable conduct in the light of the apparent risk." W. Prosser, *Law of Torts* § 53, at 324 (4th ed. 1971) [hereinafter cited as Prosser].

But, "duty" is only an expression of the aggregate of those policy considerations which cause the law to conclude that protection is owed.[1] *Id.* at 325–26. Liability may be an expanding

---

[1]Among these considerations are the possibility of fraudulent claims and indefinable liability following negligent acts. *See* Note, *Hunsley v. Giard: Expanded Recovery for the Negligent Infliction of Mental Distress,* 14 Willamette L.J. 71, 72–73 (1977). Many physical as well as emotional injuries are difficult to disprove and are within the realm of the former consideration. We limit our considerations today, though, to the extent of liability to which a defendant should be subject.

concept in the field of negligence. *See* Dillon v. Legg, 441 P.2d 912 (Cal. 1968); Shanahan v. Orenstein, 383 N.Y.S.2d 327 (App.Div. 1976). *Cf.* Laakonen v. District Court, 91 Nev. 506, 538 P.2d 574 (1975) (Nevada guest statute held unconstitutional). But liability is not without limitation. *See, e.g.,* Rupert v. Stienne, 90 Nev. 397, 528 P.2d 1015 (1974) (limiting abrogation of doctrine of interspousal immunity to motor vehicle accident tort claims); Palsgraf v. Long Island R.R., 16 N.E. 99 (N.Y. 1928) (defendant's duty to protect against reasonably foreseeable harm to others did not extend to the injured plaintiff).

In urging this court to reverse the order of dismissal, appellant contends that, as a direct and proximate result of respondent's injury to appellant's vehicle, respondent's leaving of the accident scene, and appellant's pursuit of respondent's car, appellant suffered emotional and physical injury. In support of this position, appellant directs our attention to a number of authorities wherein plaintiffs alleged emotional and physical injuries due to their physical response to a negligent act by a defendant. *See* Esposito v. Christopher, 485 P.2d 510 (Colo.App. 1971); Drummond v. Mid-West Growers, 91 Nev. 698, 542 P.2d 198 (1975); Curtis v. Shell Pipe Line Corp., 265 P.2d 488 (Okla. 1953). The courts in those cases found that the plaintiff was owed a duty of care by the defendant and left the determination of negligence and proximate cause to the trier of fact. In these cases, there was physical impact and easily demonstrable physical injuries. The physical injuries were immediate and were, without dispute, directly and proximately caused by the negligence of the defendants without any intervening acts of negligence. By contrast, a review of the dismissed complaint now before us reveals that the physical injuries of which appellant complained were remote in time to the incident.

It is settled in Nevada that the issues of negligence and proximate cause usually are issues of fact and not of law. Drummond v. Mid-West Growers, 91 Nev. at 704, 542 P.2d at 203; State v. Silva, 86 Nev. 911, 915, 478 P.2d 591, 593–94 (1970); Barreth v. Reno Bus Lines, Inc., 77 Nev. 196, 198, 360 P.2d 1037, 1038 (1961). *Cf.* Gunlock v. New Frontier Hotel, 78 Nev. 182, 370 P.2d 682 (1962) (evidence was, as a matter of law, insufficient to establish negligence and proximate cause). Certainly, reasonable minds often may differ as to whether a risk of harm reasonably should have been foreseen, and the issue should generally be submitted to the trier of fact.

There are many situations in which a defendant's actions

may without question be the proximate cause of a plaintiff's injuries but where limitations have been placed upon the duty owed to a plaintiff. *See, e.g.,* Elliott v. Mallory Electric Corp., 93 Nev. 580, 585–86, 571 P.2d 397, 400 (1977). *See also* Todd v. Aetna Casualty & Surety Co., 219 So.2d 538 (La.App. 1969). Of course, the foreseeability of harm is a predicate to establishing the element of duty, *see* Hergenrether v. East, 393 P.2d 164 (Cal. 1964), and thus is of prime importance in every case. Here, we believe that appellant's mental distress and resulting physical injuries were such unusual and unforeseeable consequences of this accident that respondent cannot be held liable. We now adopt the rule that there can be no recovery for mental distress or physical injury where there is damage to a plaintiff's property which is neither observed nor heard by the plaintiff, the plaintiff is not a direct participant in the occurrence, the damage occasioned is through negligence, and the plaintiff experiences no physical impact. *See* Todd v. Aetna Casualty & Surety Co., 219 So.2d at 543–44 (defendant not liable for mental distress and resulting injury); Stahli v. McGlynn, 366 N.Y.S.2d 209 (Sup.Ct.App.Div. 1975) (no cause of action for emotional distress and ensuing injury). *Cf.* Shanahan v. Orenstein, 383 N.Y.S.2d 327 (App.Div. 1976) (plaintiff allowed recovery as she was in zone of danger and made natural response to rescue son and mother). From the standpoint of legal policy, we hold that the duty of respondent's decedent not to hit parked cars did not include protection against such unforeseeable consequences as occurred here. Respondent's acts were unintentional and did not involve an unreasonable risk of causing emotional distress or personal injury to appellant, who was not even in the parked vehicle. *See* Todd v. Aetna Casualty & Surety Co., 219 So.2d 538.

    *2. Negligence Per Se.*

We find appellant's negligence per se argument meritless. Appellant relies upon NRS 484.221, 484.223 and 484.225 as an alternative basis to impose liability against respondent. His reliance is misplaced. These accident stop-and-report statutes are for the purpose of obtaining information as to ownership of accident vehicles and driver identification, not the avoidance of the subsequent injuries which were the subject of this law suit. The consequences and controversy here do not fall within the remedial purposes of the statutes. The fact that respondent's decedent temporarily left the scene of the accident does

not provide an exception to the rule of nonliability we have announced today.[2]

We affirm the district court's order dismissing appellant's complaint with prejudice.

MOWBRAY, C. J., and THOMPSON and BATJER, JJ., concur.

GUNDERSON, J., concurring:

I concur in the result.

---

[2]*Cf.* Stahli v. McGlynn, 366 N.Y.S.2d 209, 212 (Sup.Ct.App.Div. 1975) (no cause of action for emotional distress and ensuing injury caused by observation or awareness of unintended damage to one's property). In *Stahli,* the car owner, believing the culpable driver had failed to stop, twice ran from a restaurant out into the street and subsequently collapsed due to a coronary attack which was the apparent cause of his death four days later.