**MERMOD, JACCARD & KING JEWELRY CO., INC., Plaintiff-Appellant,**

v.

**HELLMUTH, OBATA & KASSABAUM, INC., and Harry B. Helmsley, Defendants-Respondents.**

No. 41486.

Missouri Court of Appeals, Eastern District, Division Four.

April 7, 1981.

Thompson & Mitchell, Gary Mayes, Pamela H. Bucy, St. Louis, for plaintiff-appellant.

Amelung, Wulff & Willenbrock, Stephen D. Hoyne, Walter Timm, St. Louis, for defendants-respondents.

SMITH, Presiding Judge.

Plaintiff, Mermod, Jaccard & King Jewelry Company appeals from the action of the trial court in granting judgments in accordance with defendants' motions for directed verdict in a case in which the jury returned a verdict in favor of plaintiff and against both defendants in the amount of $52,029.93. We affirm.

Plaintiff's action arose from a fire which occurred in premises leased from defendant Helmsley by defendant Hellmuth, Obata, and Kassabaum, Inc. (H.O.K.) an architectural and engineering firm. The fire occurred on the second floor of the Syndicate Trust-Century Building. Plaintiff, a retail jewelry business, was located on the first floor of that building beneath the H.O.K. premises. The fire was a major conflagration and the fire department utilized vast quantities of water to extinguish it. As a result of the fire and the efforts to extin-

guish it, plaintiff sustained substantial smoke and water damage to its premises. Plaintiff sought recovery upon the theory that defendants, five years before the fire when the second floor offices were being renovated for H.O.K.'s occupancy, dismantled and disabled an existing sprinkler system which would have extinguished or controlled the fire if the system had been operating at the time of the fire and which would have made it unnecessary to utilize more than a small amount of water to extinguish the fire. It was alleged that this action of defendants constituted negligence and was the proximate cause of the property damage sustained by plaintiff.

The parties have briefed a number of issues, including their dispute as to the effect of the trial court's action in sustaining the defendants' motions "on the grounds set forth in [their] motion at the close of all the evidence." These grounds encompassed twenty-seven separately numbered paragraphs in H.O.K.'s motion and nine separately numbered paragraphs in Helmsley's motion. Relying upon *Fowler v. Terminal Railroad Association of St. Louis*, 372 S.W.2d 497 (Mo.App.1963) plaintiff contends that the court's action did not specify the grounds for the court's action which resulted in hardship and confusion to plaintiff and this court and made the order rebuttably presumptively erroneous. This it is claimed casts the burden upon defendants to support the trial court's action. Defendants argue that the order is specific and plaintiff bears the burden of demonstrating error. We need not resolve the dispute for regardless of who has the burden the order of the trial court was correct in law and should be affirmed.

We need deal with only one issue— whether the evidence established the existence of a duty from defendants to plaintiff. Plaintiff places its reliance upon *Washington University v. Aalco Wrecking Co.*, 487 S.W.2d 487 (Mo.1972) and *Fireman's Fund Insurance Co. v. Aalco Wrecking Co.*, 466 F.2d 179 (8 Cir. 1972) cert. den. 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973). These cases, both arising from one fire, recognized the common law doctrine that:

"If an owner of property negligently allows the spread of a fire on his premises, he may be liable for injury to others even though he has no connection with the fire's origin." *Fireman's Fund Ins. Co. v. Aalco Wrecking Co., supra*, [5].

Before discussing the scope of this common law doctrine it is advisable to establish the factual areas in which the parties are in agreement. First, there is no evidence that defendants were responsible, negligently or otherwise, for the fire. The only evidence of the cause was established by plaintiff's expert as arson by an unknown person or persons. Secondly, the evidence establishes that neither defendant was aware of the fire until after the damage had occurred and that no action of defendants at the time of the fire contributed to its spread or the damage suffered by plaintiff. Thirdly, the evidence clearly established, and plaintiff concedes, that no statute nor ordinance required a sprinkler system in H.O.K.'s premises or precluded the removal of the system allegedly in place and in operation at the time the H.O.K. space was renovated. Finally, there was no evidence of any statutory or ordinance violation of any kind by either defendant prior to or at the time of the fire, and the H.O.K. premises were in full compliance with all building and fire code requirements at the time of renovation and prior to the fire.

We do not believe that either of the *Aalco* cases, *supra*, addresses the issue in this case of the scope of the duty of the owner or occupier of premises to his neighbor as it relates to fire. Both cases proceeded on the question of whether a breach of duty occurred. Neither delineated the circumstances under which a duty arises. The duty to take preventive action against reasonably anticipated dangers as established by the courts of this state arises if there is some probability or likelihood, not a mere possibility, of harm occurring. *Tharp v. Monsees*, 327 S.W.2d 889 (Mo.banc 1959) [2–5]; *Irby v. St. Louis County Cab Co.*, 560 S.W.2d 392 (Mo.App.1977) [5–9]. In the *Aalco* cases the evidence warranted a find-

ing of violation of an ordinance which required the presence of a watchman at a demolition site. Each also recognized that a demolition site is highly susceptible to fires, creating a known danger. The failure to provide a watchman was found to be a violation of duty and negligence *per se* in the *Washington University v. Aalco* case. The existence of demolition created a duty in both cases to protect against a known danger. The scope of this common law duty as it pertains to the spread of fires and when it arises has been more completely delineated in cases from other jurisdictions.

The leading case in this regard is *Centraal Stikstof Verkoopkantoor N.V. v. Pensacola Port Authority*, 205 F.Supp. 724 (D.C. Fla.1962) affd. 316 F.2d 189 (5 Cir. 1963). That case involved a wooden warehouse owned by defendant which burned spreading the fire to a nearby warehouse containing goods belonging to plaintiff. The negligence charged was the failure of defendant to have fire fighting equipment, alarms or a watchman to prevent the spread of fire. The court after setting forth the law stated:

> "In this case the Court finds that the complaint fails utterly to show a duty owing from defendant to plaintiff to maintain fire extinguishing apparatus, alarms and watchman. Nowhere in the common law has the Court been able to find a duty on a property owner to provide these things merely because it is possible that the adjacent property, being combustible, could catch fire. This is valid in the absence of allegation that the premises contained dangerously inflammable or explosive materials or that the defendant used fire for its own purposes on the premises. Such allegations raise a distinctly different standard. The imposition of such a duty here could lead to results at once harsh and unreasonable."
> l. c. 727.

Of similar import is *Comfort v. Stadelman Fruit, Inc.*, 285 Or. 525, 592 P.2d 213

(1979) where a fire on defendant's premises spread to plaintiff's property, allegedly due to the absence of a night watchman and safety equipment i. e. sprinklers. The court found that the duty to provide such safety equipment did not arise unless the probability of a fire starting on the premises is "foreseeably substantially greater than on ordinary premises." In both *Centraal Stikstof* and *Comfort*, the court recognized that on normal premises fire is a possibility but not a probability or likely.

We have been cited to no cases and have found none which impose upon the owner or occupier of premises a duty to his neighbors to provide safety equipment except (1) where required by a statute or ordinance, (2) where the owner uses fire on the premises, or (3) where the condition of the premises creates a substantially greater than ordinary danger of fire.[1] The *Aalco* cases, *supra*, involved both an ordinance violation and a condition on the premises creating a substantially higher danger of fire. We do not believe either of those cases is contrary to the generally accepted common law rule or creates duties additional to those recognized in the above discussed cases. *See also, Little v. Lynn & Marblehead Real Estate Co.*, 301 Mass. 156, 16 N.E.2d 688 (1938); *Ford v. Jeffries*, 474 Pa. 588, 379 A.2d 111 (1977). The foregoing common law rule is equally applicable to this case where the damage sustained by plaintiff results from attempts to fight the fire rather than from spread of the fire to plaintiff's premises.

We do not find the creation of a duty is effected, as plaintiff claims, by a distinction between removing an existing sprinkler and installing a new one. The duty is to protect neighboring property from a dangerous condition. What actions are required to afford such protection is a question of breach of that duty and does not determine the existence of the duty.

Plaintiff seeks to bring itself within the framework of the common law rule on the

---

1. We deal only with the duty of the owner or occupier of premises to his neighbors and not with other relationships such as employer-em-ployee or innkeeper-guest where a different duty standard may exist.

basis that the H.O.K. premises were a greater fire hazard than normal premises. Initially this is a question of law for the trial court which must make the legal determination that a duty exists. *Centraal Stikstof Verkoopkantoor N.V. v. Pensacola Port Authority, supra,* [3]. If there is evidence to support a legal determination that a duty exists, the credibility of that evidence and the resolution of conflicting evidence on that issue becomes a factual determination for the jury. We are unable to find evidence of record to establish the claimed duty on the part of defendants. Plaintiff introduced evidence that there was a "heavy" or "considerable" fire load in the H.O.K. premises. A "fire load" was defined by the testimony as the presence of combustibles. "Combustibles" in turn were defined as anything that will burn. Plaintiff's witnesses testified to the presence of large quantities of paper and wooden desks on the premises which they termed "ordinary combustibles." There were also fabric samples, and solvents used for office cleaning purposes. There was no testimony of the presence of explosives, highly inflammable chemicals or materials, or oily rags, or of improper storage of dangerous combustibles. The materials were described by plaintiff's expert as normal for this type of office and the materials described are typical of those found in most business offices. In short, the "heavy" fire load consisted of a large number of ordinary items which will burn.

The question of whether the materials located on the premises create a substantially greater danger of fire than normal must be based on the quality of the combustibles, not the quantity. It is the substantially greater danger that a fire will ignite that creates the duty. As pointed out in *Comfort v. Stadelman Fruit Co., supra,* [2], the starting of the fire is based upon the ease of ignition of materials. Once a fire has started it will cause virtually all combustibles to ignite. It is the threat of ignition which creates the greater danger of fire not the quantity of the materials which will burn after ignition. We do not find that the quality of the combustibles here was such as to substantially increase the danger of fire beyond that normally found. For us to conclude otherwise would be to create a duty to provide a sprinkler system in virtually every office and residence. We find neither defendant had a duty to provide a sprinkler system in the H.O.K. premises. Plaintiff stated on oral argument that the question of duty was the same as to each of the defendants. We have been cited to no case and perceive no reason why the duty imposed on the facts before us should be different as between the co-tenant and the landlord. Additionally, there was no evidence that the landlord was in any way knowledgeable at the time the sprinkling system was removed of the anticipated condition that H.O.K.'s premises would be in at the time of the fire five years later.[2] *See Little v. Lynn & Marblehead Real Estate Co., supra.* [11, 12].

We find that the trial court was correct in sustaining defendants' motions for judgment.

The judgments are affirmed.

WEIER and SIMON, JJ., concur.

---

2. There was also no evidence that H.O.K. knew, when the sprinkler was removed, what the condition of its premises would be five years later. Because it was familiar with its own operation, possibly such knowledge can be imputed to H.O.K. We need make no determination of that. Nor do we need consider the contention of the defendants that the condition of H.O.K.'s premises could not have occurred until six months or more after removal of the sprinkler when H.O.K. occupied the premises and therefore that the claimed breach occurred prior to the existence of a duty.