BERT A. RAVERA, Appellant, v. CITY OF RENO, NEVADA; McKENZIE CONSTRUCTION, INC., Respondents.

No. 13965

January 26, 1984                                    675 P.2d 407

*Dyer & Stout,* Reno, for Appellant.

*Shamberger, Georgeson, McQuaid & Thompson,* and *Hale, Lane, Peek, Dennison & Howard,* Reno, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order dismissing the complaint against respondent McKenzie Construction Co. (McKenzie) for failure of the complaint to state a claim for relief, and from an order striking appellant's pleadings on the ground that the lower court lacked jurisdiction over the case. We will deal with each order in turn.

Court proceedings in this case were initiated when a petition

for a writ of mandamus which listed Diversified Financing, Inc. and appellant Bert Ravera as petitioners was filed to compel respondent City of Reno and its agencies to grant an increase in allotted water rights. Diversified Financing, Inc. lost its interest in the property to which the water rights were to be transferred, and the case was dismissed as to Diversified for being moot. On April 22, 1980, the lower court entered an order striking Ravera's name from all of the pleadings in the action because the pleadings did not state a claim for relief on his behalf and because Ravera had not authorized suit on his behalf. At this point there were no petitioners in the suit and effectively the case ended.

On June 4, 1980, Ravera filed a complaint under the same docket number, again requesting that the City be compelled to transfer the water rights to appellant. Ravera also requested an award of damages for the injuries he suffered as a result of respondents' alleged wrongful actions. A summons and complaint were served on all parties then involved in the case.

On November 26, 1980, Ravera amended his complaint to include McKenzie as a defendant in the case. McKenzie moved to dismiss the complaint on the grounds that it failed to assert a claim for relief. The court granted that motion.

Discovery and other routine pretrial matters were pursued in the case until October 14, 1981. On that date the district court expressed its concern that as of the date of the order striking Ravera's name from all of the pleadings in the proceedings for mandamus relief the case was resolved and all the subsequent pleadings were fugitive documents. Ravera filed a motion to amend the order striking his name from the pleadings. He also requested that he be allowed to file, nunc pro tunc, amended pleadings. The lower court denied this motion and ordered all the pleadings, papers, and documents filed in the case stricken as fugitive documents. This appeal ensued.

1. DISMISSAL OF McKENZIE CONSTRUCTION CO.

Appellant contends that he sufficiently alleged five causes of action against McKenzie in his amended complaint. He contends therefore that the court erred in dismissing McKenzie. We disagree.

The test for determining whether the allegations of a cause of action are sufficient to assert a claim for relief is whether the allegations give fair notice of the nature and basis of the claim and the relief requested. Branda v. Sanford, 97 Nev. 643, 637 P.2d 1223 (1981); Crucil v. Carson City, 95 Nev. 583, 600 P.2d 216 (1979); Taylor v. State and Univ., 73 Nev. 151, 311 P.2d 733 (1957). In the present case appellant has alleged three causes of action for violation of various constitutional rights,

which violations are actionable pursuant to 42 U.S.C. § 1983; a fourth cause of action alleging a conspiracy by respondents to cause appellant the injuries described in the complaint; and various other causes of action. None of the causes of action other than the conspiracy cause of action allege any conduct by McKenzie which caused appellant injury. The only allegation made against McKenzie is that it "participated" in the conspiracy to violate appellant's rights. Such an allegation is not sufficient to allege a cause of action for conspiracy. *See* Espinoza v. O'Dell, 633 P.2d 455, 468-469 (Colo. 1981), *cert. granted,* 454 U.S. 1122 (1981), *cert. dismissed,* 456 U.S. 430 (1982); Mosher v. Saalfeld, 589 F.2d 438 (9th Cir. 1978), *cert. denied,* 442 U.S. 941 (1979). Additionally, the allegations do not sufficiently give notice of the nature of the claims or the relief requested. Accordingly, we affirm the district court's dismissal of McKenzie.

2. ORDER STRIKING DOCUMENTS AND DENYING LEAVE TO AMEND.

The lower court entered its order striking appellant's pleadings, papers, and documents, and denying appellant leave to amend, on the ground that there was no case in existence after it entered its order striking Ravera's name from all of the pleadings filed in the mandamus proceedings. It indicated that an action concerning the matters raised in the petition would have to be brought in a new case. We disagree.

The order striking Ravera's name from all of the previous pleadings effectively dismissed the case. *See* King v. W. R. Hall Transp. & Storage Co., 641 P.2d 916 (Colo. 1983); Hatley v. Schmidt, 471 S.W.2d 440 (Tex.Civ.App. 1971). Generally, once a case has been dismissed a court loses jurisdiction to consider further proceedings. Randle-Eastern Ambulance Service v. Vasta, 360 So.2d 68 (Fla. 1978); Firestone Tire & Rubber Company v. Barnett, 475 P.2d 167 (Okla. 1970); Firchau v. Gaskill, 558 P.2d 194 (Wash. 1977). In Illinois, the courts hold that if the parties to a dismissed case actively participate in further proceedings without objection, and the further proceedings are inconsistent with the dismissal, then the court is revested with jurisdiction over the further proceedings. Sabatino v. Kozy Kottage Inn, Inc., 430 N.E.2d 73 (Ill.App.Ct. 1981); In Interest of F.D., 411 N.E.2d 1200 (Ill.App.Ct. 1980). We are persuaded by the reasoning of the Illinois courts.

In the present case the parties participated in further proceedings for almost a year and one-half. No objection by respondent was ever made to the proceedings. Additionally,

the proceedings were inconsistent with the dismissal. In such circumstances we hold that the court was revested with jurisdiction over the proceedings before it. Accordingly, the lower court's order striking appellant's pleadings, papers, and documents, and denying appellant leave to amend, is reversed and the case is remanded for further proceedings.

SPRINGER, MOWBRAY, STEFFEN, and GUNDERSON, JJ., and FONDI, D. J.,[1] concur.