STEVEN SMITH AND SALLY SMITH, APPELLANTS, *v.* JOHN CLOUGH, AS ADMINISTRATOR FOR ESTATE OF YVONNE LYNN CLOUGH, RESPONDENT.

No. 19657

August 29, 1990                                    796 P.2d 592

*Michael J. Morrison,* Reno, for Appellants.

*Laxalt and Nomura,* Reno, for Respondent.

# OPINION

By the Court, SPRINGER, J.:

Appellants Steven and Sally Smith (the Smiths) have alleged that Yvonne Clough was drag racing with another car when her car veered out of control and crashed through the front of the Smiths' home. The Smiths were in their back yard at the time of the accident. When they heard a loud crash, they ran to the front of their property where they observed extensive damage to their yard and house, and saw a stranger's body (Clough's) on the walkway. Clough's car had broken through the Smiths' fence, torn up their front yard, and crashed upside-down into their living room. A doctor at the scene determined that Clough was dead.

The Smiths filed a complaint against Clough's husband, respondent John Clough, in his capacity as administrator of her estate. They sought damages, including punitive damages, for negligent infliction of emotional distress, loss of consortium, and negligent entrustment. Respondent filed a motion for summary judgment. The district court concluded that, pursuant to NRCP 56, no genuine issue of material fact remained for the court to decide and that respondent was entitled to judgment as a matter of law. Accordingly, it granted respondent's motion. For the reasons set forth below, we affirm the district court's decision.

On appeal, the Smiths' primary contention is that the district court erred in granting summary judgment in favor of respondent with regard to their claim for negligent infliction of emotional distress. They contend that they were direct victims of Clough's negligence because they heard the crash which damaged their home; they saw the damage to their home; they suffered emotional distress as a result of seeing the damage; and their emotional distress was a foreseeable result of Clough's negligence.

We reject the Smiths' contention and decline their invitation to follow certain case law from other jurisdictions which they claim is in their favor. Despite the Smiths' characterization otherwise, theirs is quite clearly a bystander plaintiff case.

Currently, the law in Nevada regarding negligent infliction of emotional distress to bystanders is governed by two lines of cases, those involving emotional distress arising from damage to a plaintiff's property, *see, e.g.,* Merluzzi v. Larson, 96 Nev. 409, 610 P.2d 739 (1980), and those involving emotional distress arising from harm to another person, *see, e.g.,* State v. Eaton, 101 Nev. 705, 710 P.2d 1370 (1985).[1] We believe the better rule

---

[1]We note that the Smiths cannot recover under either line of existing Nevada case law. Their claim is premised on emotional distress arising from

is to allow recovery only in cases which pertain to emotional distress arising from harm to another person, and not in cases, such as the one before us, which pertain to emotional distress arising from property damage.[2]

Having concluded that appellants' remaining contentions lack merit, we hereby affirm the district court's order.

YOUNG, C. J., STEFFEN, J., and ZENOFF, SR. J.,[3] concur.

ROSE, J., dissenting:

In Merluzzi v. Larson, 96 Nev. 409, 610 P.2d 739 (1980), we restricted when a plaintiff can recover for emotional distress arising from the negligent damage to his or her property. Today the majority eliminates all actions for emotional distress based on damage caused to a plaintiff's property by the defendant's negligent conduct. Because I believe there are a few cases where such a right should be recognized, I dissent from the majority opinion.

I would permit the assertion of a claim for emotional distress when the defendant's negligent conduct is the proximate cause of the property damage, the plaintiff hears or sees the accident and is in reasonably close proximity to it, the damage to the personal property was foreseeable, and the property that is damaged has a unique or special significance to the plaintiff, such as substantial damage done to one's home. Following this rule, I would permit the appellants to proceed with their lawsuit and reverse the summary judgment entered against them.

Recognizing this case and others like it as exceptions to the general rule prohibiting such actions will not result in a flood of litigation. Cases such as this one are relatively few and far between. In the vast majority of cases where personal property damage is caused by the negligence of another, a claim for emotional distress will be precluded, and I believe rightly so.

---

property damage, so it does not fall within the rule of *Eaton*. Moreover, although the Smiths did hear the crash which damaged their home, they were not direct participants in the occurrence. In addition, they did not experience "physical impact." Thus, their claim for emotional distress arising from property damage does not meet the requirements of *Merluzzi. See Merluzzi,* 96 Nev. at 414, 610 P.2d at 743.

[2]To the extent that our decision today is inconsistent with *Merluzzi,* that case is overruled.

[3]THE HONORABLE CLIFF YOUNG, Chief Justice, appointed THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE JOHN MOWBRAY, Justice. Nev. Const. art. 6, § 19; SCR 10.