VACATION VILLAGE, INC., DBA VACATION VILLAGE HOTEL & CASINO, AND C.E.H. PROPERTIES, LTD., APPELLANTS, v. HITACHI AMERICA, LTD., RESPONDENT.

No. 23876

May 19, 1994
874 P.2d 744

*David Gzesh,* Las Vegas, for Appellants.

*Lefebvre, Barron & Oakes* and *Charles F. Burrows,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant Vacation Village, Inc. negotiated the purchase of telephone equipment manufactured by respondent and supplied through a third-party distributor. Then it assigned its right to purchase the equipment to General Electric Capital Corporation (GECC), from whom Vacation Village had an agreement to lease the equipment. After the equipment was installed in Vacation Village's casino, a problem arose with the operation and use of the equipment. Consequently, Vacation Village filed a complaint

against respondent for breach of the implied warranty of merchantability provided for under Nevada's Uniform Commercial Code. Respondent asserted that the UCC does not apply to leases and moved the district court for dismissal pursuant to NRCP 12(b)(5) for failure to state a claim upon which relief can be granted. The district court granted respondent's motion and the complaint was dismissed with prejudice. For reasons stated hereafter, the district court's order of dismissal is reversed and remanded for proceedings consistent with this opinion.

## FACTS

Appellant Vacation Village, Inc. is a Nevada corporation doing business as Vacation Village Hotel & Casino (Vacation Village), in Las Vegas, Nevada. C.E.H. Properties, Ltd. is a Nevada limited partnership that owns real property upon which Vacation Village Hotel & Casino is situated. Hitachi America, Ltd. (Hitachi) is a foreign corporation duly authorized to transact business in Nevada.

This dispute arose from a finance lease[1] entered into between Vacation Village and GECC for the lease-purchase of a business telephone system and related equipment (collectively referred to as "the equipment") which were manufactured and supplied by Hitachi. Vacation Village arranged for the purchase of the Hitachi equipment through RCA Corporation. Vacation Village assigned its contract right to purchase the equipment to GECC. GECC completed the purchase and then leased the equipment to Vacation Village, with an option for Vacation Village to purchase the equipment upon lease expiration.

Shortly after the equipment was installed at Vacation Village, problems developed with its operation and use. As a result, Vacation Village filed an action in the district court against Hitachi alleging that Hitachi breached the implied warranty of merchantability by selling GECC defective equipment which ultimately was leased to Vacation Village.

Hitachi moved the district court for dismissal pursuant to NRCP 12(b)(5), asserting that Nevada's Uniform Commercial Code (UCC) and its implied warranties of merchantability do not

---

[1]GECC did not select, manufacture or supply the equipment that is the subject matter of the agreement between GECC and Vacation Village. GECC merely provided Vacation Village with the financial assistance necessary to accommodate the acquisition of the equipment. Moreover, Vacation Village directed GECC where to acquire the equipment. Thus, the agreement between GECC and Vacation Village was a finance lease. See NRS 104A.2103(g).

apply to leases; thus, appellant had failed to state a claim upon which relief could be granted. On October 15, 1992, the district court granted Hitachi's motion and dismissed Vacation Village's complaint with prejudice, on the same grounds.

## LEGAL DISCUSSION

The standard of review for a dismissal under NRCP 12(b)(5) is rigorous as this court "'must construe the pleading liberally and draw every fair intendment in favor of the [non-moving party].'" Squires v. Sierra Nev. Educational Found., 107 Nev. 902, 905, 823 P.2d 256, 257 (1991) (quoting Merluzzi v. Larson, 96 Nev. 409, 411, 610 P.2d 739, 741 (1980)). All factual allegations of the complaint must be accepted as true. Capital Mortgage Holding v. Hahn, 101 Nev. 314, 315, 705 P.2d 126 (1985). A complaint will not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff could prove no set of facts which, if accepted by the trier of fact, would entitle him [or her] to relief." Edgar v. Wagner, 101 Nev. 226, 228, 699 P.2d 110, 112 (1985) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

On appeal from an order granting an NRCP 12(b)(5) motion to dismiss, "[t]he sole issue presented . . . is whether a complaint states a claim for relief." Merluzzi v. Larson, 96 Nev. 409, 411, 610 P.2d 739, 741 (1980), overruled on other grounds by Smith v. Clough, 106 Nev. 568, 796 P.2d 592 (1990). This court's "task is to determine whether . . . the challenged pleading sets forth allegations sufficient to make out the elements of a right to relief." Edgar, 101 Nev. at 227, 699 P.2d at 111. The test for determining whether the allegations of a complaint are sufficient to assert a claim for relief is whether the allegations give fair notice of the nature and basis of a legally sufficient claim and the relief requested. Ravera v. City of Reno, 100 Nev. 68, 70, 675 P.2d 407, 408 (1984); see also Breliant v. Preferred Equities Corp., 109 Nev. 842, 858 P.2d 1258 (1993); Western States Constr. v. Michoff, 108 Nev. 931, 936 P.2d 1220 (1992).

### Warranty of merchantability

Hitachi manufactured and supplied GECC with telephone equipment that was the subject matter of the finance lease between Vacation Village and GECC. The UCC provides that unless excluded or modified, there is an implied warranty that a good is merchantable and suitable for the particular purpose for

which it is sold. *See* NRS 104.2314; NRS 104.2315. Nonetheless, Hitachi asserts that it was not subject to the implied warranties under the UCC because the finance lease between Vacation Village and GECC was a lease and not a sale. In support of this proposition, Hitachi cites to U C Leasing, Inc. v. Laughlin, 96 Nev. 157, 160, 606 P.2d 167, 169 (1980), where this court held that a "true lease" is not subject to the provisions of Nevada's UCC.

However, Hitachi's reliance on *U C Leasing* is misplaced. The precedent set forth in *U C Leasing* has been abrogated by the subsequent enactment of NRS 104A (UCC—Leases). 1989 Nev. Stat., ch. 166, § 1 at 340. These statutes took effect on January 1, 1990, and provide for an implied warranty of merchantability in finance lease agreements. *See* NRS 104A.2209. Vacation Village and GECC entered into the finance lease subsequent to the enactment of NRS 104A, thus, the implied warranty of merchantability applies to the instant situation.

*Vertical privity*

Hitachi asserts that the agreement between GECC and Vacation Village expressly provides that GECC is not required to enforce the manufacturer's warranties on behalf of itself or on behalf of Vacation Village, indicating that Vacation Village was not intended as a third-party beneficiary of the agreement between Hitachi and GECC. However, Hitachi offers no authority in support of this proposition. Moreover, whether GECC was required to enforce Hitachi's warranties on behalf of Vacation Village is not dispositive of whether Hitachi's warranties extend to Vacation Village.

In pertinent part, NRS 104A.2209 provides that:

> 1. The benefit of the supplier's promises to the lessor under the supply contract and of all warranties, whether express or implied . . . *extends to the lessee* to the extent of the lessee's leasehold interest under a finance lease related to the supply contract . . . .

(Emphasis added.) Vacation Village is the lessee under a finance lease with GECC, and as such, the implied warranties of merchantability extend to Vacation Village. In addition, this court has held that "lack of privity between the buyer and manufacturer does not preclude an action against the manufacturer for the recovery of economic losses caused by breach of warranties." Hiles Co. v. Johnston Pump Co., 93 Nev. 73, 79, 560 P.2d 154, 157 (1977) (citations omitted). Thus, Vacation Village can bring

486

a complaint against Hitachi for breach of warranty despite Vacation Village's lack of privity with Hitachi.

## CONCLUSION

Appellants' complaint sets forth allegations sufficient to make out the elements of a right to relief. Moreover, appellants' complaint gave fair notice to respondent of the nature and basis of a legally sufficient claim and the relief requested. Consequently, the district court's dismissal of appellants' complaint for failure to state a claim upon which relief can be granted was error. Accordingly, the district court's order of dismissal is reversed and remanded for proceedings consistent with this opinion.