An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

NEVADA POLICY RESEARCH
INSTITUTE, INC.,
Appellant,
vs.
CLARK COUNTY SCHOOL DISTRICT,
A POLITICAL SUBDIVISION OF THE
STATE OF NEVADA; AND THE
NEVADA PUBLIC EDUCATION
FOUNDATION,
Respondents.

No. 64040

FILED

MAY 29 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order dismissing a claim brought under the Nevada Public Records Act. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

In this appeal, we consider whether the district court properly dismissed a complaint for failure to state a claim under NRCP 12(b)(5). Appellant Nevada Policy Research Institute (NPRI) brought a claim pursuant to the Nevada Public Records Act, alleging that respondent Clark County School District (CCSD) failed to disclose a directory of its teachers' email addresses.

### FACTS

On June 11, 2012, NPRI sent a written request to CCSD for its directory of CCSD teachers' email addresses. CCSD denied the request. NPRI then made a second and final request. Again, CCSD denied the request.

Consequently, NPRI filed a complaint against CCSD pursuant to NRS 239.011, the Nevada Public Records Act, alleging that it made a

request for a public record and that the request was denied by CCSD. CCSD subsequently filed a motion to dismiss NPRI's complaint for failure to state a claim under NRCP 12(b)(5). The district court granted CCSD's motion to dismiss, determining, *inter alia*, that the email directory is not a public book or record under NRS 239.011, that the email directory is confidential, and that CCSD's interest in nondisclosure clearly outweighs NPRI's interest in access. This appeal followed.

## DISCUSSION

A motion to dismiss "under NRCP 12(b)(5) is subject to a rigorous standard of review on appeal." *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (internal quotation omitted). Accordingly, the facts alleged in NPRI's complaint are presumed to be true and all inferences will be drawn in favor of NPRI. *See id.* at 228, 181 P.3d at 672. A party's "complaint should be dismissed only if it appears beyond a doubt that it could prove no set of facts, which, if true, would entitle it to relief." *Id.* Hence, NPRI's complaint will be sufficient if the allegations contained therein provide "fair notice of the nature and basis of a *legally sufficient* claim and the relief requested." *Vacation Vill., Inc. v. Hitachi Am., Ltd.*, 110 Nev. 481, 484, 874 P.2d 744, 746 (1994) (emphasis added); *see Liston v. Las Vegas Metro. Police Dep't*, 111 Nev. 1575, 1578, 908 P.2d 720, 723 (1995) (noting that "notice pleading" requires that plaintiffs set forth facts which support a legal theory); *see also* NRCP 8(a) (requiring that a claim contain a short and plain statement showing that the pleader is entitled to relief and a demand for judgment for the relief). We review the district court's legal conclusions de novo. *Seput v. Lacayo*, 122 Nev. 499, 501, 134 P.3d 733, 735 (2006) *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 181 P.3d 670 (2008).

 

A claim is legally sufficient under NRS 239.011 if it establishes that: (1) a request was made for inspection of a public book or record open to inspection, (2) the request to inspect or copy was denied, and (3) the material requested is not confidential per NRS 239.0105. However, in reaching its determination that NPRI failed to state a claim, the district court considered additional, extrinsic factors. Among the factors considered were: why NPRI wanted the directory, whether the directory would be sold, and whether spam sent to teachers would surge, thereby detracting from student learning. The district court went on to balance the interests of the parties, finding that disclosure would affect students' right to learn, an interest that outweighs NPRI's interest in obtaining the directory.[1] These inquiries unnecessarily ventured beyond the basic consideration of whether the complaint alleged that NPRI made a request for a non-confidential public book or record that CCSD denied.

We recognize that the district court went on to provide an alternative basis for dismissing NPRI's claim in its order granting dismissal, but the district court's legal conclusions were also improper.

---

[1]The district court considered these factors during the hearing on the motion to dismiss. After discussing them, the district court requested that counsel for CCSD draft a proposed order granting the motion to dismiss. In doing so, the district court judge represented that his decision was, at least in part, based on the considerations espoused in the hearing. Therefore, in reaching our decision, we considered both the findings made in the hearing and the findings made in the order.

 

*Definition of a Public Record*

We conclude that a directory of CCSD teachers' e-mail addresses is a public record within the plain meaning of the NPRA. According to rules of statutory construction, "[w]here the language of a statute is plain and unambiguous, and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself." *Erwin v. State*, 111 Nev. 1535, 1538-39, 908 P.2d 1367, 1369 (1995) (internal quotations omitted). Pursuant to the NPRA, "unless otherwise declared by law to be confidential, all public books and public records of a governmental entity must be open" to inspection or copying by any person during office hours. NRS 239.010(1). The NPRA does not specifically define a public record, so we look to the Nevada Administrative Code (NAC). NAC 239.091 defines a public record as "a record of a local governmental entity that is created, received or kept in the performance of a duty and paid for with public money."

The government-issued email addresses requested by NPRI meet the plain definition of a "public record" provided by NAC 239.091. CCSD does not dispute that it is a local governmental entity within the meaning of NAC 239.091 and we confirm CCSD's implicit recognition. NRS 386.010(2) clearly provides that, as a county school district, CCSD is a political subdivision of the State of Nevada. CCSD also concedes that the directory was created and kept in the performance of its duty to educate children. Specifically, CCSD notes that it created the email address directory to ensure efficient school district administration and encourage meaningful teacher-parent dialogue. CCSD is also in the best position to know, and concedes, that the creation and maintenance of the directory was paid for at the expense of tax payers. Because we agree

Supreme Court
OF
Nevada

(O) 1947A

4

with each of CCSD's concessions, which render the requested directory a "public record," the directory should be open for inspection or copying by the public.

*Confidentiality*

"[W]e begin with the presumption that all government-generated records are open to disclosure." *Reno Newspapers, Inc. v. Gibbons*, 127 Nev. Adv. Op. No. 79, 266 P.3d 623, 628 (2011). "The state entity therefore bears the burden of overcoming this presumption by proving, by a preponderance of the evidence, that the requested records are confidential." *Id.* According to CCSD, it is required by NRS 239B.040 to keep the directory confidential. NRS 239B.040 provides, in pertinent part:

> If a person or his or her agent provides the electronic mail address or telephone number of the person to a governmental entity for the purpose of or in the course of communicating with that governmental entity, the governmental entity may maintain the electronic mail address or telephone number in a database.
>
> (b) A database described in this subsection:
>
> (1) Is confidential;
>
> (2) Is not a public book or record within the meaning of NRS 239.010; and
>
> (3) Must not be disclosed in its entirety as a single unit.

The plain meaning of NRS 239B.040 commands that the directory of CCSD teachers' emails sought by NPRI is not confidential. Plainly read, the statute limits confidentiality to a directory composed of email addresses that are provided *to* a government entity for the purpose of or in the course of communicating with that government entity. Thus, to be confidential, NRS 239B.040 first requires that a person provide the

SUPREME COURT
OF
NEVADA

(O) 1947A

government agency with an email address. Conversely, the directory of CCSD teachers' email addresses is composed of email addresses both created and maintained by CCSD, not provided *to* CCSD. Therefore, the email addresses requested by NPRI are not confidential under the plain language of NRS 239B.040.

*Balancing Interests*

As an additional matter, we conclude that balancing interests on a NRCP 12(b)(5) motion to dismiss in a public records claim was premature and outside the scope of the allegations contained within the pleadings. *Reno Newspapers* is instructive. There, we considered whether a state entity withholding records must provide a log containing the factual description of the record held. *Reno Newspapers*, 127 Nev. Adv. Op. No. 79, 266 P.3d at 625-26. In our determination that the state entity must provide such a log, we noted: "[U]nmistakable is the emphasis that our NPRA jurisprudence places on adequate adversarial testing. Indeed, the framework established in *Bradshaw, DR Partners,* and *Reno Newspapers v. Sheriff* exemplifies an intensely adversarial method for determining whether requested records are confidential." *Id.* at 629. Applying that principle favoring adversarial testing here, we conclude that NPRI was inadequately heard on this issue.

In light of our conclusions above, our review of the complaint reveals that NPRI made legally sufficient allegations that should have survived CCSD's motion to dismiss.

 

Based on the foregoing, we ORDER the judgment of the district court REVERSED AND REMAND for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Douglas Smith, District Judge
       NPRI Center for Justice and Constitutional Litigation
       Lewis Roca Rothgerber LLP/Las Vegas
       Kamer Zucker Abbott
       Allen Lichtenstein
       Amy M. Rose
       Eighth District Court Clerk