# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD A. CASSADY,
Appellant,
vs.
C/O R. MAIN; MR. ROBERT LEGRAND,
WARDEN; MR. JAMES G. COX,
INDIVIDUALLY; NEVADA
DEPARTMENT OF CORRECTIONS;
AND THE STATE OF NEVADA,
Respondents.

No. 64015

FILED

FEB 0 1 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss in an inmate litigation action. Sixth Judicial District Court, Pershing County; Michael Montero, Judge.

Appellant Richard A. Cassady is an inmate at Lovelock Correctional Center. Respondent R. Main, a correctional officer, searched Cassady's cell and seized a blanket and magazines. Cassady filed a petition requesting relief in the form of a declaratory judgment requiring that respondents adhere and conform to their own administrative regulations, that they be required to ensure that those working for them are held accountable for their failure to comply and conform with respondent Nevada Department of Corrections' (NDOC) administrative regulations, and that Main be sanctioned for repeated failures to adhere to those administrative regulations. The district court granted respondents' motion to dismiss, finding that Cassady has no legally protected right or cognizable interest at stake unless and until the facts alleged have been established.

16-03289

On appeal, Cassady raises the following issues: (1) whether the district court applied the proper law in dismissing his petition, and (2) whether the district court erred by not granting him leave to file an amended petition.

*The district court did not err in dismissing Cassady's petition for declaratory relief*

The standard of review for a dismissal under NRCP 12(b)(5) is rigorous, as this court must presume all facts alleged in the complaint as true and draw all inferences in favor of the non-moving party. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). On appeal from an order granting an NRCP 12(b)(5) motion to dismiss, "[t]he sole issue presented . . . is whether a complaint states a claim for relief." *Merluzzi v. Larson*, 96 Nev. 409, 411, 610 P.2d 739, 741 (1980), *overruled on other grounds by Smith v. Clough*, 106 Nev. 568, 569-70 n.1 & n.2, 796 P.2d 592, 593-94 n.1 & n.2 (1990). This court's "task is to determine whether . . . the challenged pleading sets forth allegations sufficient to make out the elements of a right to relief." *Edgar v. Wagner*, 101 Nev. 226, 227, 699 P.2d 110, 111 (1985). "The test for determining whether the allegations of a [complaint] are sufficient to assert a claim for relief is whether the allegations give fair notice of the nature and basis of [a legally sufficient] claim and the relief requested." *Ravera v. City of Reno*, 100 Nev. 68, 70, 675 P.2d 407, 408 (1984); *see also W. States Constr., Inc. v. Michoff*, 108 Nev. 931, 936, 840 P.2d 1220, 1223 (1992).

*Cassady's petition is not ripe for judicial review*

The Uniform Declaratory Judgment Act, codified in NRS Chapter 30, grants the district court the "power to declare rights, status and other legal relations whether or not further relief is or could be claimed." NRS 30.030. In *Kress v. Corey*, this court identified the four elements that must be met before declaratory relief may be granted:

> (1) there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectable interest; and (4) the issue involved in the controversy must be ripe for judicial determination.

65 Nev. 1, 26, 189 P.2d 352, 364 (1948); *see also Doe v. Bryan*, 102 Nev. 523, 525, 728 P.2d 443, 444 (1986) (holding that the four elements described in *Kress* constituted the requirements for a justiciable controversy in a declaratory relief action).

In *Herbst Gaming, Inc. v. Heller*, this court stated:

> "[R]ipeness focuses on the timing of the action rather than on the party bringing the action. . . . The factors to be weighed in deciding whether a case is ripe for judicial review include: (1) the hardship to the parties of withholding judicial review, and (2) the suitability of the issues for review."

122 Nev. 877, 887, 141 P.3d 1224, 1230-31 (2006) (alteration in original) (quoting *In re T.R.*, 119 Nev. 646, 651, 80 P.3d 1276, 1279 (2003)).

First, Cassady would face no hardship if judicial review is withheld on his petition seeking declaratory relief. As the district court noted, Cassady can still file a properly pleaded civil complaint to address his situation. Secondly, the issues are not suitable for review as there are no established facts. There has been no judicial determination that any of the matters alleged by Cassady constitute violations of the regulations that he cites. As such, the district court would have to engage in speculation and forecast the outcome of any claims regarding respondents' liability.

Accordingly, the district court did not err in denying Cassady's petition because it is not yet ripe for judicial review.

*The district court did not err by dismissing Cassady's petition without leave to amend*

"A motion for leave to amend is left to the sound discretion of the trial judge, and the trial judge's decision will not be disturbed absent an abuse of discretion." *State, Univ. & Cmty. Coll. Sys. v. Sutton,* 120 Nev. 972, 988, 103 P.3d 8, 19 (2004); *see also Stephens v. S. Nev. Music Co.,* 89 Nev. 104, 105, 507 P.2d 138, 139 (1973). A district court does not abuse its discretion unless it acts oppressively or arbitrarily. *Goodman v. Goodman,* 68 Nev. 484, 487, 236 P.2d 305, 306 (1951).

Here, Cassady did not file a motion for leave to amend in the district court. Therefore, we cannot conclude that the district court acted oppressively or arbitrarily, thereby abusing its discretion. Because Nevada law does not impose a duty on the district court to grant leave to amend sua sponte, we cannot say that the district court abused its

discretion when it dismissed Cassady's petition without allowing him to amend his complaint.

Accordingly, the district court did not err by dismissing the petition without leave to amend.

Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Michael Montero, District Judge
Armstrong Teasdale, LLP/Las Vegas
Attorney General/Carson City
Pershing County Clerk