CHARLES B. RIPLEY et al., Individually and as Stockholders of International Railways of Central America, Suing on Behalf of Themselves and for All Other Stockholders Similarly Situated, Appellants-Respondents, *v.* INTERNATIONAL RAILWAYS OF CENTRAL AMERICA et al., Respondents-Appellants.

T. ROLAND BERNER et al., Appellants-Respondents, and ESTATE OF VINCENT HALE et al., Appellants, and HERMAN A. BAYLESS et al., Respondents, *v.* INTERNATIONAL RAILWAYS OF CENTRAL AMERICA et al., Respondents-Appellants.

First Department, April 24, 1962.

T. *Roland Berner* (*Aaron Lewittes, Julian S. Bush, M. Victor Leventritt, Shirley D. Brinsfield* and *Sidney Bender* with him on the brief), in person and general counsel for appellants-respondents.

*Herman A. Bayless* (*Waite, Schindel, Bayless & Schneider* of counsel), in person and attorney for estate of Peter G. Thomson, Jr., respondent, and attorney for Anne T. Smith and another, as executors of Peter G. Thomson, Jr., deceased, appellants-respondents.

*Harry Bijur* of counsel (*Bijur & Herts,* attorneys), for John A. Bonaudi, appellant-respondent, and for Bernard Winkler & Co., appellant.

*Louis H. O. Fischman,* in person, and for Morris Gross, appellant-respondent.

*Alexander Kahan,* appellant-respondent in person.

*M. Victor Leventritt,* attorney for Frederick E. Lyford, appellant-respondent; Estate of Vincent Hale, appellant, and Thomas D. Geoghegan and others, respondents.

*Simon H. Rifkind* of counsel (*Edward N. Costikyan* with him on the brief; *Abraham K. Weber,* attorney), for International Railways of Central America, appellant-respondent.

*Bernard E. Singer* of counsel, in person (*Paul Bauman,* attorney), for Bernard E. Singer and others, appellants-respondents.

*Stanley J. Dorman* for Henry P. de Vries, appellant-respondent.

*Frank A. Celentano* (*Winthrop D. Thies* with him on the brief), attorney for estate of Walter A. Blasing, appellant-respondent.

*Porter R. Chandler* of counsel (*Ralph M. Carson* with him on the brief; *Davis Polk Wardell Sunderland & Kiendl,* attorneys), for United Fruit Company, appellant-respondent.

VALENTE, J. A recovery in a substantial amount was obtained in this stockholders' derivative action on behalf of International Railways of Central America ("IRCA") against United Fruit Company. The judgment was affirmed by this court (*Ripley* v. *International Rys. of Cent. America,* 8 A D 2d 310) and by the Court of Appeals (8 N Y 2d 430). The present appeals and cross appeals are from an order and supplemental judgment entered upon a decision of a Special Referee which granted to attorneys and experts allowances covering fees and disbursements in the total amount of $4,778,538.79.

Primarily, there can be no dispute that any award for compensation should depend, in a large measure, on the benefits derived by the corporation from the successful efforts of the applicants on its behalf (*Marine Midland Trust Co.* v. *Forty Wall St. Corp.,* 13 A D 2d 118, affd. 11 N Y 2d 679). The Referee found that the total benefit obtained by the applicants for IRCA was more than $21,000,000. That figure was arrived at by including (approximate figures are used here): (1) $3,000,000 resulting from increases in transportation rates as a result of a change in contracts in 1948 — before the stockholders' action was begun; (2) $1,200,000 for additional benefits by a change in transportation rates in 1952 — while the action was pending; (3) $7,500,000 for probable future payments for the period from March, 1961, to December, 1967; (4) $1,300,000, representing interest paid by United Fruit Company for the period from the date of the entry of the judgment in the main action; and (5) $8,000,000, recovered and paid on the judgment.

On this appeal, IRCA and United Fruit Company contended that all the benefits and prospective benefits which the Referee considered in making the awards should be eliminated except the $8,000,000 actually recovered and paid in the action. In our opinion, the Referee should not have given any weight to the item of interest or to the increase in rates in 1948 in arriving at the reasonable compensation of the claimants.

However, in perceiving that the probable future benefits can be causally attributed to the suit, it is not necessary to assign the same percentage ratio of compensation to that factor as to the indisputable recovery of $8,000,000 paid under the judgment. Nor is it necessary to fix any exact value to the speculative future benefits which the Referee estimated at $7,500,000. It is sufficient to recognize the existence of some probable future benefits resulting from the stockholders' action as an additional factor in the assessment of the compensation to the claimants.

We can, however, see no basis for compensating attorneys in a stockholders' derivative action for interest which accrues on a judgment ultimately paid by the defendant.

Nor do we conceive that, under the circumstances of this case, the Referee should have assigned any weight — in determining the allowances — to the $3,000,000 which the corporation obtained as a result of the increase in carload rates in 1948. The Referee found that the purpose behind the increase was the forestalling of an action by a stockholder, then represented by Mr. Berner.

At the outset, it is apparent that only Berner could make any claim with respect to that increase, since all the other lawyers and experts were not in the matter at the time. However, even as to Berner, the inclusion of the $3,000,000 as a factor in determining an allowance was improvident. The Referee's reliance on *Angoff* v. *Goldfine* (270 F. 2d 185) is misplaced since that case involved an ancillary proceeding in aid of the main action, while here there was no proceeding brought to obtain the 1948 increase. The most that can be said is that as a result of inquiries made by Berner in 1948, management took action which benefited the corporation. It would be unwise to authorize compensation to counsel for a stockholder whenever management took action beneficial to the corporation as a result of a request or demand by a stockholder. That management moved in order to forestall a derivative action is immaterial. The requirement that a stockholder make a demand is to afford the corporation an opportunity to act, and if the corporation does act it makes further proceedings on the part of a stockholder unnecessary. Hence, from a policy standpoint, the increase in rates in 1948 should not have been regarded as a factor in fixing the allowances herein, particularly since, in any event, the time spent by Berner in connection therewith was comparatively minimal, and since there was no causal connection between Berner's activities in 1948 and the judgment obtained in the subsequent stockholders' action.

The same aspect of public policy would not require, in the circumstances of the instant case, the elimination of the $1,200,000 which represents the benefit to the corporation arising from an increase in rates in 1952. The Referee found that such increase was accomplished by the corporation and United Fruit Company while " mindful of the defense of this litigation ". Hence, there is a sound basis for awarding fees to attorneys or experts based upon the amount realized by the corporation by reason of this increase. Beneficial acts performed by the corporation — if the result, in whole or in substantial part, is attributable to the stockholders' litigation — may be a valid basis

to claim compensation. In the context of the present suit there was a sufficient causal connection to sustain compensation for the resulting benefit to the corporation. Certainly, however, none of the counsel who appeared on the scene after 1952 may, under any circumstances, make claim for compensation for the rate increases obtained that year. The increased rates obtained in 1952 were, therefore, properly weighed as a factor in awarding compensation herein.

Hence, our approach to the matter of allowances rejects the valuation of $21,000,000 which the Referee placed on the benefits obtained for IRCA by the claimants. Instead we have gauged our conclusions on the assumption that the claimants are entitled to some percentage of the $8,000,000 recovery and are also entitled to some reasonable compensation for the prospective benefits which may accrue to IRCA as a consequence of the stockholders' action as well as of the benefits derived from the change of rates in 1952. After giving effect to these factors we are of the opinion that the total of allowances for attorneys, experts and disbursements in this case should be $2,104,900.57. Accordingly, under the circumstances, some of the allowances should be modified, as being excessive, and some eliminated as unwarranted.

Initially, we observe there is unanimous agreement among all parties that Mr. Berner, general counsel for the stockholders plaintiffs, rendered extensive services and made a substantial contribution to the result. He was entitled to a substantial allowance for his services. Nevertheless, the allowance made to Berner by the Referee was excessive and should be reduced to $1,500,000 plus disbursements of $92,000. The allowance to Herman A. Bayless should also be reduced to $150,000; that to Bijur & Hertz should be reduced to $35,000; that to Alexander Kahan should be reduced to $35,000; and that to Louis H. O. Fischman and Milton Paulson should be reduced to $20,000.

The awards to some of the experts were also excessive and should be reduced as follows: Thomas D. Geoghegan, reduced to $125,000 plus $10,000 in disbursements; and Estate of Walter A. Blasing, reduced to $5,000 plus $2,500 in disbursements (this gives effect to the sum of $20,000 which had already been advanced to Mr. Blasing).

The awards to Charles B. Ripley, Estate of Peter G. Thomson, Jr., Prof. Henry P. de Vries, and Frederick E. Lyford, should be affirmed.

The Referee gave allowances to Bauman & Singer and Nathaniel A. Devine, aggregating $70,000. The Referee found that the services performed by those attorneys were rendered

under a written agreement with Alexander Kahan, Esq., with whom said attorneys became co-counsel for certain stockholders. That written agreement provided for a division of fees with Kahan. Thus, any services rendered by these attorneys were performed for Kahan. They never appeared as attorneys of record for any party or intervening party in the case. Since the services were performed for Kahan, pursuant to a written contract with Kahan, there was no basis for making any allowance to the said attorneys in this action. They must be relegated to claims against Kahan for compensation for their services (see *Waterman Corp.* v. *Johnston,* 204 Misc. 587, 594, mod. on other grounds 283 App. Div. 768). We can find no warrant in the record for concluding that Berner, as general counsel, confirmed and ratified the engagement of these attorneys. But even if there were confirmation and ratification by Berner, that would constitute merely an approval of their arrangement with Kahan, and neither Berner nor Kahan had power to engage co-counsel who would be paid by IRCA out of the recovery in this action. Hence, the awards of allowances to Bauman & Singer and Nathaniel A. Devine must be reversed and eliminated, and their applications denied without prejudice to any claim they may have against Kahan for compensation for their services.

Nor do we think there was any basis for making awards to Joel Dean and Associates of $4,500 and Philip J. Maggio of $1,500. Neither Dean nor Maggio testified at the trial. They were consultants to Berner. Under the circumstances of this case, we conclude that the awards to these '' experts '' should be eliminated and that they be relegated to claims against Berner for compensation for their services.

The claims of Bernard Winkler & Company and Price y Cia, Inc., were properly disallowed. So, too, the claim of the estate of Vincent Hale was properly disallowed except for disbursements of $8,307.17. A stockholder plaintiff is not entitled to compensation for services (*Eisenberg* v. *Central Zone Property Corp.,* 1 A D 2d 353, affd. 3 N Y 2d 729). No appeal was taken by IRCA from the allowance of the disbursements.

The order and supplemental judgment dated December 12, 1961 should be modified as indicated above, on the law, the facts and in the exercise of discretion, and otherwise affirmed, with costs and disbursements to defendant-appellant-respondent IRCA as against all claimants-appellants-respondents to whom allowances were made by the Referee and reduced herein, to be assessed against each claimant in the proportion that any reduction in any allowance or award herein made, from that made by the Referee, bears to the total reductions herein made of $2,673,638.22. Settle order.

BOTEIN, P. J., BREITEL, McNALLY and STEVENS, JJ., concur.

Order and supplemental judgment entered on December 12, 1961, unanimously modified as indicated in the opinion of this court filed herein, on the law, the facts and in the exercise of discretion, and otherwise affirmed, with costs and disbursements to defendant-appellant-respondent International Railways of Central America as against all claimants-appellants-respondents to whom allowances were made by the Referee and reduced herein, to be assessed against each claimant in the proportion that any reduction in any allowance or award herein made, from that made by the Referee, bears to the total reductions herein made of $2,673,638.22.   Settle order on notice.