Jerome L. GILSON et al.

v.

CHOCK FULL O'NUTS CORPORATION.

United States District Court
S. D. New York.
April 24, 1963.

Morris J. Levy, New York City, for plaintiff.

DeBevoise, Plimpton, Lyons & Gates, New York City (Samuel E. Gates, New York City, of counsel), for defendant.

RYAN, Chief Judge.

Plaintiffs move for summary judgment (Rule 56). Defendant corporation opposing, also moves to dismiss the complaint for failure to state a claim upon which relief can be granted.

This suit filed in New York Supreme Court on November 19, 1962 to recover attorneys' fees allegedly due them, was transferred to this Court on a motion by defendant.

It is alleged that plaintiff GILSON, a stockholder of defendant corporation,

retained plaintiff LEVY, an attorney, to investigate the stock transactions of five officers and directors of defendant corporation to determine if any profits inured to them in violation of Section 16(b) of the Securities Exchange Act of 1934 (Title 15 U.S.C.A. § 78p(b)). It is further claimed that LEVY was to be paid a reasonable fee for his services contingent upon a benefit to the corporation therefrom and reimbursement to GILSON by defendant of said fee. It is also claimed that plaintiffs discovered short swing profits (in violation of Section 16(b)) realized by the officers and on April 10, 1962 allegedly requested by letter that defendant institute a suit to recover the same. It is of record that on May 31, 1962 defendant filed suit in this Court against the officers. Before a trial, the officers paid some $50,000 in settlement of the claim.

It is substantially on these facts that plaintiffs claim a right to payment of reasonable attorneys' fees.

It is of interest to note that on plaintiffs' motion to remand which was denied, plaintiff LEVY stated by affidavit:

"It is plaintiffs' position that this is an action to recover a legal fee for services rendered, and that since the plaintiffs were *not* parties to any action brought by the defendant in its own right under Section 16(b) of the Act, and since the aforesaid provision of the Act does not *per se* authorize the commencement of an action for the recovery of a counsel fee, the basis of plaintiffs' complaint is plenary to such statutory provision and cannot be removed to this court on that basis  *  *  * "

Plaintiffs allege that defendant "ratified and confirmed the right and authority granted by the Federal Statute" (complaint, Par. 13) to plaintiffs to render legal services to defendant. Section 16(b) of the Act allows a stockholder to sue if the corporation refuses to, but does not contain any provision for the allowance of attorneys' fees to a stock-

holder maintaining such a suit. The right of a stockholder, successfully maintaining a suit under this section to recover profits made by corporate officers in short-swing speculation in corporate securities, to reasonable attorneys' fees was recognized by the Courts in Smolowe v. Delendo Corporation, 136 F.2d 231, 241 (2d Cir. 1943); cert. denied, 320 U.S. 751, 64 S.Ct. 56, 88 L.Ed. 446. The Court specifically held that this right arises when the stockholder is successful in his suit to recover these profits.

Plaintiffs never instituted a suit and their claim for relief rests solely upon the allegation that they sent a letter to defendant disclosing the facts that they had uncovered as a result of their investigation. The mere sending of a letter and the investigation preliminary to it, without express employment, is not enough to support recovery by plaintiff. If a contrary result was reached, the defendant would be charged with fees for two attorneys—its own and plaintiffs'. (Cf. Evans v. Diamond Alkali Co., 315 Pa. 335, 172 A. 678 (1934).) It has been held in New York that a stockholder's attorney was not entitled to compensation based on a claim voluntarily enforced by the corporation after a demand by the stockholder (Ripley v. International Railways of Central America, 16 A.D. 2d 260, 227 N.Y.S.2d 64 (1st Dept. 1962), aff'd 12 N.Y.2d 814, 236 N.Y.S.2d 64, 187 N.E.2d 131 (1962)). The rationale of that holding is equally applicable here.

Plaintiffs have not alleged an express contract of hire with defendant, but have only alleged a contract between themselves. Indeed, it is not alleged or claimed that defendant requested plaintiff LEVY to render any legal services or that defendant either expressly or implicitly agreed to compensate plaintiff LEVY for any services rendered by him. An attempt to make defendant liable upon a contract entered into between plaintiffs has no basis in law. In the absence of an express contract of hire between plaintiffs and defendant, or a recovery for defendant in a suit prosecuted by plaintiffs, plaintiffs have no claim for relief.

Plaintiffs' complaint is dismissed without costs. The Clerk will enter judgment accordingly. So ordered.