**Edward E. LAUFER, Plaintiff,**

v.

**OLLA INDUSTRIES, INC., et al., Carl Olla, Liborio Olla and Michael Olla, Defendants.**

No. 82 Civ. 4220(MP).

United States District Court, S.D. New York.

Dec. 29, 1982.

Herman Odell, New York City, for plaintiff.

Kensington, Sterba, Ressler & Taub by Raymond C. James, New York City, for defendants.

## OPINION

MILTON POLLACK, District Judge.

Plaintiff, a stockholder of the defendant corporation suing in a derivative capacity, moves pursuant to Rule 56, Federal Rules of Civil Procedure, for a summary judgment directing the defendant to register with the Securities and Exchange Commission under the Investment Company Act of 1940 (ICA) as an investment company. Defendant cross-moves for a dismissal of the complaint under Rules 12(c) and 56 contending (1) plaintiff failed to comply with Rule 23.1 by omitting prior to suit to make a demand on the directors to register as an investment company and consequently may not maintain this suit; and (2) plaintiff has failed to allege a claim over which the Court has subject matter jurisdiction.

For the reasons appearing hereafter, this suit must be dismissed.

The defendant corporation is the outgrowth of a family operated and controlled enterprise which started in business 32 years ago to design, manufacture and distribute inexpensive ladies handbags. The business is conducted as a public corporation whose shares of stock are listed and traded on the American Stock Exchange. The board of directors is comprised of the three Olla brothers who also are officers of the company. The company's plant has always been located in New Jersey. Its assets currently total about $20,000,000.

In 1976, the defendant's manufacturing plant was virtually destroyed by fire and a new plant was set up so that handbag production could resume. After some three years, the defendant in 1979 collected the proceeds of policies of fire insurance amounting to some $4,000,000. This money was in effect warehoused in investment securities as a safe harbor yielding a fair return. Together with its cash position these investments amounted in total to more than 40% of the total assets of the company from early in 1980 until September of 1982.

In June 1982, the plaintiff brought this suit to compel the corporation to register as an investment company under the ICA. No previous complaint or demand for such action was submitted to the corporation. The suit came as a surprise to the Ollas who had no notion that the failure in the interim to put their liquid assets to work in the manufacturing business made them possibly subject to the registration requirements of the ICA. The company had regularly filed its financial statements with the Exchange and the SEC, and no criticism is levelled concerning its compliance with the public reporting requirements of the Securities Exchange Act of 1934.

Faced with this law suit, the directors determined to reduce the scope of the company's investments below 40% of its assets and ultimately, by November 30, 1982, and prior to the hearing of the motions herein, the company accomplished this purpose. The defendant contends therefore that this suit has become moot.

*The Applicable Law.*

The pertinent statute and the rules and regulations of the SEC applicable herein are as follows: 15 U.S.C. §§ 80a–3(a)(1), 80a–3(a)(3), 80a–3(b)(1), 80a–6(c) and 17 C.F.R. §§ 270.3a–1–.3a–2. (See Appendix)

*Plaintiff's Contentions.*

Plaintiff contends that the defendant is obligated nonetheless under 15 U.S.C. § 80a–3(a)(1) to register under the ICA because its alleged intent as evidenced by three years of holding investments in excess of 40% of its assets was to become and be an investment company. The defendant denies any such intent. Plaintiff has conceded in open Court that defendant was in compliance with the section 3(a)(3) "rule of

thumb" as of November 30, 1982 which establishes a 40% holding of investments as the prima facie mark of an investment company. Plaintiff merely states that it disagrees with defendant's choice of substitute assets since it went below the 40% figure. This disagreement does not create a federal cause of action.[1]

Plaintiff bases its § 3(a)(1) claim on defendant's Annual Reports which point to the income from investment securities as one of the strengths of the company. Plaintiff also argues that defendant fails to fall within the "safe harbor" established by Rules 3a–1 and 3a–2, 17 C.F.R. §§ 270.3a–1–.3a–2. These Rules are only designed to aid in the application of the "rule of thumb—40% threshold", found in § 3(a)(3). Moreover, defendant argues that it is entitled to an exemption under § 3(b)(1). The "safe harbors" established by the Rules do not preclude a company from seeking a formal SEC or judicial determination of exemption under § 3(b)(1) or § 6(c); the "safe harbors" were merely designed to supplant the need for companies to seek informal no-action letters from the SEC. *See* SEC Release No. 11552, SEC Docket 1357, January 27, 1981.

■ While it appears to the Court that the true purpose of Olla Industries probably was and is to hold investment and government securities until such time that it can, consistent with economic demand, expand its handbag production, the resolution of this factual question is not appropriate on a motion for summary judgment. An evidentiary hearing would be required to determine the business strategy of the defendant. However, the requirements of Rule 23.1 of the Federal Rules of Civil Procedure must nonetheless be reckoned with herein on the pending motions.

*Rule 23.1 Prerequisites.*

As plaintiff concedes, this action is governed by Fed.R.Civ.P. 23.1 as it is a shareholder derivative action.

Plaintiff has admittedly failed to satisfy the demand requirement of Rule 23.1. "A derivative action complaint must allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority ... and the reasons for his failure to obtain the action or for not making the effort." Fed.R.Civ.P. Rule 23.1. Plaintiff states that he did not make a demand to the directors since the Board consisted only of the Olla brothers who are the controlling directors and shareholders; thus, he claims a demand would have been futile.

■ Plaintiff was incorrect in excusing demand by assuming that a demand would have been futile merely because a majority of the Board of Directors had been named as individual defendants in the case. *See Markowitz v. Brody,* 90 F.R.D. 542, 556 (S.D.N.Y.1981). *See also Weiss v. Temporary Investment Fund, Inc.,* 692 F.2d 928 (3d Cir.1982); *In re Kauffman Mutual Fund Actions,* 479 F.2d 257, 264 (1st Cir.), *cert. denied,* 414 U.S. 857, 94 S.Ct. 161, 38 L.Ed.2d 107 (1973). The policy underlying the demand requirement is that federal courts should not intervene in the internal affairs of private corporations, nor sanction interference by shareholders unless it is clear that the Board of Directors has no intention of taking appropriate action itself. *See Brooks v. American Export Indus.,* 68 F.R.D. 506 (S.D.N.Y.1975). Certainly the Olla brothers had no personal interest at stake which might act as a disqualification that might chill independent consideration

---

1. On oral argument plaintiff claimed that defendant's acquisition of government securities as part of the investments now held should not be allowed to aid it in evading a duty to register under 3(a)(3), even though defendant is in compliance with the 40% rule. Plaintiff relies on SEC Release No. 10937 [1979–80 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 82,348, at 82,-462 which states "if the transaction is not done for a *bona fide* business purpose other than

circumventing the Act's provisions, it should not be considered in determining the company's status under the Act". This passage in the Release refers to a company's attempt to artificially leverage, which increases both assets and liabilities and would reduce the percentage of assets that are in the form of investment securities. It does not apply to the purchase of government securities which are explicitly exempted from calculation by the statute.

of the question raised here. A salutory purpose of the demand requirement is to protect corporate directors from harassment by litigious dissidents. *See Markowitz,* 90 F.R.D. at 557–60.

In the present case it is clear that a demand cannot be classed as futile and therefore excused. Plaintiff has not charged defendant with conspiracy, *see Kauffman, supra,* or with excessive fees, *see Weiss, supra.* All plaintiff alleges is that Olla Industries should be registered as an investment company. There is no a priori reason to suspect that the Directors would have been unwilling to cooperate with plaintiff, by either registering or eliminating the need to register. In fact, subsequent sales of investment securities by defendant as a result of the initiation of this lawsuit cogently prove that Olla was willing to take action to comply with the ICA.

Sworn affidavits state that the filing of the complaint was the event that alerted defendant to the possibility of an ICA problem. Swift analysis of the situation enabled defendant to make sufficient, prudent divestments within a six-month period. There is no reason to believe that an intracorporate demand would have provided less impetus than did plaintiff's complaint.

Plaintiff's failure to satisfy the demand requirement of Rule 23.1 necessitates that the complaint be dismissed for failure to satisfy a condition precedent to suit. *Markowitz,* 90 F.R.D. at 563.

SO ORDERED.

## APPENDIX

*Statutes.*

15 U.S.C. § 80a–3(a):

When used in this subchapter, "investment company" means any issuer which—

(1) is or holds itself out as being engaged primarily, or proposes to engage primarily, in the business of investing, reinvesting, or trading in securities; . . .

(3) is engaged or proposes to engage in the business of investing, reinvesting, owning, holding, or trading in securities, and owns or proposes to acquire investment securities having a value exceeding 40 per centum of the value of such issuer's total assets (exclusive of Government securities and cash items) on an unconsolidated basis.

15 U.S.C. § 80a–3(b):

Notwithstanding paragraph (3) of subsection (a) of this section, none of the following persons is an investment company within the meaning of this subchapter:

(1) Any issuer primarily engaged, directly or through a wholly-owned subsidiary or subsidiaries, in a business or businesses other than that of investing, reinvesting,' owning, holding, or trading in securities.

15 U.S.C. § 80(a)–6(c):

The Commission, by rules and regulations upon its own motion, or by order upon application, may conditionally or unconditionally exempt any person, security, or transactions, or any class or classes of persons, . . . from any provision or provisions of this subchapter or of any rule or regulation thereunder, if and to the extent that such exemption is necessary or appropriate in the public interest and consistent with the protection of investors and the purposes fairly intended by the policy and provisions of this subchapter.

*See also* Securities and Exchange Commission regulations re prima facie indications and presumptions for purposes of 15 U.S.C. § 80a–3(a), cited at 17 C.F.R. § 270.3a–1 *Certain prima facie investment companies* and 17 C.F.R. § 270.3a–2 *Transient investment companies.*