136 Nev., Advance Opinion 59

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CHARLES JESSEPH; AND CHARLES CHURCHWELL, Appellants, vs. DIGITAL ALLY, INC., Respondent. | No. 78480 <br><br> FILED <br><br> SEP 17 2020 <br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY _____ <br> CHIEF DEPUTY CLERK |

Appeal from a district court order dismissing appellants' complaint to recover attorney fees under the substantial benefit doctrine. Eighth Judicial District Court, Clark County; Elizabeth Gonzalez, Judge.

*Affirmed.*

Aldrich Law Firm, Ltd., and John P. Aldrich, Las Vegas; Purcell Julie & Lefkowitz LLP and Steven J. Purcell, Douglas E. Julie, and Robert H. Lefkowitz, New York, New York,
for Appellants.

Armstrong Teasdale LLP and Jeffrey F. Barr, Las Vegas; Iglody Law, PLLC, and Lee Iglody, Las Vegas,
for Respondent.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, SILVER, J.:

Generally, attorney fees in Nevada must be awarded under a statute, rule, or contract authorizing the award. *Thomas v. City of N. Las*

20-34252

*Vegas*, 122 Nev. 82, 90, 127 P.3d 1057, 1063 (2006). The substantial benefit doctrine provides an exception to this rule in shareholder derivative actions, allowing successful shareholder plaintiffs who confer a substantial benefit on all shareholders of the defendant corporation to recover attorney fees in appropriate cases. *Id.* at 90-91, 127 P.3d at 1063; *Johnson v. U.S. Dep't of Hous. & Urban Dev.*, 939 F.2d 586, 590-91 (8th Cir. 1991) (relied on in *Thomas*). In this appeal, we first consider whether appellants' independent claim for attorney fees is a cognizable claim in Nevada. We then address whether a party must file litigation before the substantial benefit doctrine can apply. We conclude that appellants' claim for attorney fees is a cognizable, independent claim under these facts, but that the district court properly dismissed the claim because predicate litigation is necessary to obtain relief under the substantial benefit doctrine and predicate litigation was absent here.

### FACTS

Appellants Charles Jesseph and Charles Churchwell owned or own common stock in respondent Digital Ally, a Nevada corporation that produces digital video imaging and storage products. Digital Ally sought to amend its articles of incorporation and change its capital structure twice: one amendment increased the amount of Digital Ally common stock, and the other created shares of blank check preferred stock. Under the majority vote requirement for the amendments, if the beneficial holders of Digital Ally stock did not affirmatively submit voting instructions to their brokers, the brokers themselves would not have discretionary authority to vote on the amendments, thus resulting in a "broker non-vote" for those shares.

Digital Ally reported that a majority of stockholders approved both amendments. However, it was later discovered that Digital Ally permitted brokers to vote in favor of the amendments even when beneficial

owners did not instruct them to. Neither amendment would have received the necessary votes for approval without the invalid broker votes. After this discovery, Jesseph and Churchwell served a demand on Digital Ally, asserting that the amendments were not validly approved, and advised Digital Ally that they would commence litigation unless it took corrective action. In response, Digital Ally admitted that the amendments were not validly passed and rescinded them.[1]

After Digital Ally resolved the issues noted in their demand letter, Jesseph and Churchwell filed suit against Digital Ally. Their sole claim for relief was a cause of action titled "Attorneys' Fees." Jesseph and Churchwell claimed they were entitled to an award of $250,000 in attorney fees because their demand letter to Digital Ally "conferred a fundamental and substantial benefit on the Company's stockholders." In essence, they alleged that, but for the corrective actions their demand letter caused, the company would have become unstable and exposed to myriad claims, including damages, due to its failed capital structure. Jesseph and Churchwell alleged that because their actions forced Digital Ally to take corrective action and thereby saved it from substantial harm, they were entitled to attorney fees under the substantial benefit doctrine.

Digital Ally moved to dismiss under NRCP 12(b)(5), arguing that, because Jesseph and Churchwell had not instituted litigation to obtain the substantial benefit, the doctrine did not apply and their claim failed. The district court granted the motion, finding that "predicate litigation is an essential element to maintaining a claim for attorney's fees under the substantial benefit doctrine found in Nevada common law, and it is

_____

[1]Digital Ally resubmitted both amendments for shareholder approval, but the shareholders approved only one of the amendments.

undisputed that the [c]omplaint does not allege any predicate litigation." Jesseph and Churchwell now appeal, arguing that predicate litigation is not a prerequisite to an award of attorney fees under the substantial benefit doctrine and, even if it is, their demand letter should be considered litigation for purposes of the doctrine.

## DISCUSSION

This court reviews de novo a district court's order granting a motion to dismiss, and the order will not be upheld "unless it appears beyond a doubt that the plaintiff could prove no set of facts . . . [that] would entitle him [or her] to relief." *Vacation Vill., Inc. v. Hitachi Am., Ltd.*, 110 Nev. 481, 484, 874 P.2d 744, 746 (1994) (third alteration in original) (quoting *Edgar v. Wagner*, 101 Nev. 226, 228, 699 P.2d 110, 112 (1985)). In reviewing an order granting a motion to dismiss pursuant to NRCP 12(b)(5), this court will draw every reasonable inference in the plaintiff's favor. *Sanchez v. Wal-Mart Stores, Inc.*, 125 Nev. 818, 823, 221 P.3d 1276, 1280 (2009).

*This court analyzes a claim by its substance, not its title, and the amount in controversy was met*

Digital Ally first argues that we should affirm the district court's dismissal order because it did not have subject matter jurisdiction over what Digital Ally refers to as Jesseph and Churchwell's "independent claim for attorney[ ] fees." Specifically, Digital Ally argues that Jesseph and Churchwell have not met the monetary threshold required for subject matter jurisdiction in Nevada's district courts. Further, Digital Ally asserts that awarding attorney fees is a remedy, not an independently actionable claim.

 

Here, although the relief requested is an award of attorney fees, the claim itself is that Jesseph and Churchwell conferred a substantial benefit on Digital Ally's shareholders and are entitled to the payment of fees incurred in creating that benefit. *See Thomas*, 122 Nev. at 91, 127 P.3d at 1063 (providing that the doctrine applies when a party's successful actions confer a substantial benefit on an ascertainable class). And the claim is not untenable solely because Jesseph and Churchwell titled the claim as one for attorney fees, rather than as a claim for relief under the substantial benefit doctrine. Indeed, "this court has consistently analyzed a claim according to its substance, rather than its label." *Otak Nev., LLC v. Eighth Judicial Dist. Court*, 129 Nev. 799, 809, 312 P.3d 491, 498 (2013).

Additionally, the amount-in-controversy requirement would not bar the lawsuit here because Jesseph and Churchwell's complaint claims they conferred a substantial benefit on the corporation, which warrants a $250,000 fee award. This amount well exceeds the jurisdictional threshold for Nevada's district courts. *See* Nev. Const. art. 6, § 6(1) (granting the district courts original jurisdiction over matters outside the justice courts' original jurisdiction); NRS 4.370(1)(b) (providing that Nevada's justice courts have jurisdiction over cases seeking damages of $15,000 or less); *Morrison v. Beach City LLC*, 116 Nev. 34, 38, 991 P.2d 982, 984 (2000) (holding that a claim should only be dismissed for not meeting the amount-in-controversy requirement when it "appear[s] to a legal certainty that the claim is worth less than the jurisdictional amount"). Digital Ally's argument that attorney fees cannot be included to meet the amount-in-controversy requirement, relying on *Royal Insurance v. Eagle Valley Construction, Inc.*, 110 Nev. 119, 120, 867 P.2d 1146, 1147 (1994), fails here. *Royal Insurance* addressed a plaintiff's argument that its request

for attorney fees and costs *incurred in that case* could be used to meet the jurisdictional requirement. *See id.* Here, Jesseph and Churchwell's claimed damages are not for attorney fees incurred in litigating their complaint, and therefore can be properly included to meet the amount-in-controversy requirement. *See id.* (recognizing that the amount-in-controversy requirement focuses on the *"damage claimed"* (emphasis in original) (quoting NRS 4.370(1)(b))). Thus, we decline to affirm the district court's dismissal order on the basis that it lacked jurisdiction over the complaint.

*The substantial benefit doctrine does not allow for attorney fees absent predicate litigation*

We now turn to the primary issue on appeal: whether the substantial benefit doctrine requires predicate litigation before shareholders can recover attorney fees. Jesseph and Churchwell argue that predicate litigation is not required or that their demand letter should constitute litigation for purposes of the doctrine. We disagree.

"Nevada follows the American rule that attorney fees may not be awarded absent a statute, rule, or contract authorizing [the] award." *Thomas*, 122 Nev. at 90, 127 P.3d at 1063. The judicially created "substantial benefit doctrine" is an exception to the American rule. *Id.* at 90-91, 127 P.3d at 1063. "This doctrine allows recovery of attorney fees when a successful party confers a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them." *Id.* at 91, 127 P.3d at 1063 (internal quotation marks omitted).

To recover an award of attorney fees under the doctrine, a party must demonstrate that "(1) the class of beneficiaries is small in number and easily identifiable; (2) the benefit can be traced with some accuracy; and (3) the costs can be shifted with some exactitude to those benefiting." *Id.* (internal quotation marks omitted). Additionally, "to qualify for the substantial benefit exception to the American rule . . . the *prevailing party* must show that the losing party has received a benefit from the *litigation*." *Id.* at 85, 127 P.3d at 1060 (emphases added). The substantial benefit exception is appropriate in shareholder actions where "the successful shareholder plaintiff confers a benefit on all shareholders of the defendant corporation." *Johnson*, 939 F.2d at 590-91 (recognizing that shareholders actions and unions make up the "typical substantial benefit case").

We have addressed the substantial benefit doctrine in *Thomas* and *Guild, Hagen & Clark, Ltd. v. First National Bank of Nevada*, 95 Nev. 621, 600 P.2d 238 (1979), and, on both occasions, we considered the doctrine where predicate litigation occurred. *Thomas*, 122 Nev. at 85, 127 P.3d at 1060 (noting that the parties raised the substantial benefit doctrine as the basis for their attorney fees and costs motion following successful litigation); *Guild*, 95 Nev. at 622, 600 P.2d at 239 (noting the party filed the request for attorney fees based on the substantial benefit doctrine after successfully litigating a claim in an estate case). The facts of these cases, therefore, did not require us to address whether the substantial benefit doctrine can apply in the absence of predicate litigation.

Although not many courts have addressed the issue, of the ones that have, the majority deny fee recovery absent filed litigation. For instance, in *Foley v. Santa Fe Pacific Corp.*, a division of the Illinois Appellate Court, interpreting Delaware law, held that "[a]bsent the filing of

Supreme Court
of
Nevada

(O) 1947A

an underlying meritorious lawsuit, there can be no suit for the recovery of fees under the [substantial benefit doctrine]," finding no law to support that argument. 641 N.E.2d 992, 996 (1994). The court therefore created a three-step test for determining whether an award of fees is appropriate under the substantial benefit doctrine, which made clear that predicate litigation was required: "(1) the action was meritorious when filed; (2) a benefit is produced in favor of the corporation or the shareholders; and (3) there is a causal connection between the litigation and the claimed benefit." *Id.* at 995; *see also Kaufman Malchman & Kirby, P.C. v. Hasbro, Inc.*, 897 F. Supp. 719, 723-24 (S.D.N.Y. 1995) (recognizing that New York does not permit fee recovery when plaintiff's demand letter produced benefit for corporation, but plaintiff did not actually institute a lawsuit).

The Alaska Supreme Court has also expressed that predicate litigation is necessary before receiving an award of attorney fees in this context. *See Jerue v. Millett*, 66 P.3d 736, 747-48 (Alaska 2003). There, plaintiff shareholders were denied attorney fees because they failed to make a demand on the defendant corporation prior to filing suit. *Id.* at 748. The court explained, in a hypothetical similar to the facts present here, where no suit was filed but the shareholders made a successful demand, that if plaintiff shareholders make a demand and "the directors promptly take curative action that satisfies the shareholder's concerns, there would be no suit and clearly no attorney's fees awarded to the shareholder." *Id.* at 748. The court further reasoned that "if the hypothetical shareholder who satisfies the demand procedure is not entitled to attorney's fees, it is inequitable to award fees to shareholders who failed to make a demand or prove that it was excused." *Id.*

In another example, a corporation's shareholders made "inquiries" regarding the low rates the corporation charged for transportation, and in order to prevent a derivative lawsuit, the corporation took action to obtain higher rates for its services. *Ripley v. Int'l Rys. of Cent. Am.*, 227 N.Y.S.2d 64, 68 (App. Div. 1962). The New York appellate court considering that matter held that, although the demand caused the corporation to take action, the shareholders were not entitled to receive attorney fees for making the demand. *Id.* The court ruled that "[i]t would be unwise to authorize compensation to counsel for a stockholder whenever management took action beneficial to the corporation as a result of a request or demand by a stockholder." *Id.* Further, "[t]he requirement that a stockholder make a demand is to afford the corporation an opportunity to act, and if the corporation does act it makes further proceedings on the part of a stockholder unnecessary." *Id.*

We agree with these cases and adopt the "no suit, no fee" approach. Public policy also weighs in favor of our decision. When a party files a shareholder derivative lawsuit, the complaint must set out the party's efforts, or reasons for a lack of effort, to obtain the action the party desires. NRS 41.520(2) (discussing the required contents of a shareholder derivative complaint); NRCP 23.1 (addressing the procedure for filing a shareholder derivative action). The purpose of encouraging shareholders to make their demands before filing a complaint is to give the corporation an opportunity to correct any alleged mistakes on its own accord without judicial intervention. *See Ripley*, 227 N.Y.S.2d at 68; *see also Shoen v. SAC Holding Corp.*, 122 Nev. 621, 633, 137 P.3d 1171, 1179 (2006) (explaining that the demand requirement allows the corporation to manage its own affairs without judicial interference), *abrogated on other grounds by Chur*

*v. Eighth Judicial Dist. Court*, 136 Nev. 68, 72-73, 458 P.3d 336, 340 (2020). Indeed, by "promoting . . . alternate dispute resolution, rather than immediate recourse to litigation, the demand requirement is a recognition of the fundamental precept that directors manage the business and affairs of corporations." *Shoen*, 122 Nev. at 633, 137 P.3d at 1179 (quoting *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244, 253 (Del. 2000)). Permitting fees without predicate litigation hinders that purpose by exposing the corporation to fees and potential litigation regarding those fees when receiving a demand letter, regardless of whether the corporation corrects the mistakes alleged in the demand. Permitting fees without predicate litigation also encourages "strike suits," where shareholders demand certain actions from the corporation via a derivative lawsuit and corporations are encouraged to settle quickly in order to avoid the potential expense of attorney fees. *See Galfand v. Chestnutt*, 402 F. Supp. 1318, 1331 (S.D.N.Y. 1975) (noting that the demand requirement "prevent[s] the initiation and maintenance of strike suits brought solely to . . . extract legal fees"), *aff'd & modified on other grounds by Galfand v. Chestnutt Corp.*, 545 F.2d 807 (2d Cir. 1976). And permitting fees under the substantial benefit doctrine absent predicate litigation would disincentivize corporations' directors from correcting mistakes based on pre-litigation shareholder demands, as doing so may instantly open the corporations up to costly fees. *Kaufman*, 897 F. Supp. at 724.

Moreover, the very context of the substantial benefit doctrine suggests it does not apply when there is no predicate litigation. The doctrine is an exception to the American rule that "[e]ach litigant pays his [or her] own attorney's fees, win or lose, unless a statute or contract provides

Supreme Court
of
Nevada

(O) 1947A

otherwise," *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010), and would therefore only apply if the American rule would not otherwise allow a *litigant* to recover attorney fees. *See Thomas*, 122 Nev. at 90, 127 P.3d at 1063 (noting that the substantial benefit doctrine is an exception to the American rule regarding attorney fee awards). Without filing suit, one never becomes a litigant subject to the American rule for awarding attorney fees or the substantial benefit exception to that rule. Because Jesseph and Churchwell never advanced the complaints from their demand letter into a formal shareholder complaint filed with the district court, they are not entitled to an attorney fees award under the American rule or its exceptions.

Additionally, our decision comports with our ruling in *Thomas*. Although the discussion there is in the context of litigation, *Thomas* supports Digital Ally's assertion here, that litigation is necessary to obtain an award of attorney fees under the substantial benefit doctrine. Notably, we clarified that in cases involving shareholders, "[w]hat is important . . . is that the class of beneficiaries [i.e., shareholders who pay the attorney fees assessed against the corporation] is *before the court* in fact or in some representative form." *Id.* at 91, 127 P.3d at 1063 (emphasis added) (internal quotation marks omitted). After stating the importance of the shareholders being *before the court*, we provided the substantial benefit doctrine's three-part test. *Id.* This lends further support for our conclusion that the doctrine applies only in circumstances where the party seeking attorney fees has initiated litigation. And, as applied here, Digital Ally's shareholders who possibly benefited from Jesseph and Churchwell's actions are now being asked to share in paying attorney fees when they have not been before the court in any manner.

We also decline Jesseph and Churchwell's invitation to view their demand letter as "litigation" for purposes of the substantial benefit doctrine. By its definition, "litigation" does not encompass a pre-litigation demand letter. *See Litigation*, *Black's Law Dictionary* (11th ed. 2019) (defining "litigation" as "[t]he process of carrying on a lawsuit"). And doing so would also cut against the considerations laid out in this opinion, such as providing the ability for a corporation to correct a mistake before incurring costly litigation fees, *see* NRS 41.520(2); *Kaufman*, 897 F. Supp. at 724; *Jerue*, 66 P.3d at 748, and discouraging strike suits, *see Galfand*, 402 F. Supp. at 1331. Based on the foregoing, the district court properly dismissed Jesseph and Churchwell's complaint for failure to state a claim because they could not prove entitlement to relief under the substantial benefit doctrine without alleging predicate litigation. *See* NRCP 12(b)(5); *Vacation Vill., Inc. v. Hitachi Am., Ltd.*, 110 Nev. 481, 484, 874 P.2d 744, 746 (1994).

## CONCLUSION

Jesseph and Churchwell's complaint raised a claim recognized by Nevada law—relief under the substantial benefit doctrine—and its damages claim met the jurisdictional threshold for Nevada's district courts. Their complaint was therefore not subject to dismissal on those bases. However, reason and policy dictates that an award of attorney fees under the substantial benefit doctrine must be based on predicate litigation. Applying that holding to the facts of this case is straightforward—no suit, no fee. In the present complaint, the sole point of which is to recover attorney fees for their earlier demand letter, Jesseph and Churchwell do not claim they filed a lawsuit against Digital Ally based on the allegations made

in that demand letter. Without alleging predicate litigation, Jesseph and Churchwell are not entitled to attorney fees under the substantial benefit doctrine, and we therefore affirm the district court's order dismissing Jesseph and Churchwell's complaint.

_____, J.
Silver

We concur:

_____, J.
Gibbons

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

HARDESTY, J., with whom, PICKERING, C.J., agrees, concurring in part and dissenting in part:

I concur in the majority's conclusions that Jesseph and Churchwell raised a cognizable claim under the substantial benefit doctrine and that the damages sought met the Nevada district court's jurisdictional threshold.

I respectfully dissent, however, as to the majority's insistence that a substantial benefit claim requires the filing of a predicate lawsuit. Instead, I would follow the reasoning of the Delaware Chancery Court in *Bird v. Lida, Inc.*, 681 A.2d 399, 405 (Del. Ch. 1996), permitting a shareholder to sue for attorney fees following a demand letter without formal litigation. As the chancery court observed in rejecting a similar "filed litigation" requirement, the key question is whether the claim was meritorious, not whether the claim was actually filed. *Id.* at 404-05.

Strong public policy supports the *Bird* approach, namely the collective action problem faced by corporations and their shareholders. The collective action problem arises because, although expenditures on monitoring public companies may benefit the corporation and all shareholders, each shareholder typically owns only a small portion of the corporation and thus has "little incentive to incur those costs himself in pursuit of a collective good." *Id.* at 403. Permitting fees for a successful demand encourages oversight by shareholders of the corporation while at the same time discourages costly litigation. *Id.* at 404. As the *Bird* court observed:

> [I]f we appreciate the collective action problem of shareholders ... why should the law care whether [plaintiff] conferred a benefit through a meritorious legal claim or through stimulating the board simply to act in a way he correctly thought was advantageous? In either

event the collective action problem of shareholders was overcome and a substantial benefit was realized by the corporate collectivity.

*Id.* at 407.

In my view, requiring the filing of a suit, which in this context must be preceded by a demand on the Board or a showing of futility, adds nothing except an increase in attorney fees. If the Board, in managing its own affairs, determines the demand has merit, it reduces its exposure to increased costs and fees caused by lengthy litigation.

Therefore, I would reverse the district court's dismissal, recognize a substantial benefit claim without filing predicate litigation, and remand for a determination of the "key" issue—was the demand meritorious?

_____, J.
Hardesty

I concur:

_____, C.J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A